## N. JONES v. THE UNITED STATES.

(Filed September 2, 1904.)

1. **CRIMINAL LAW—Verdict, Evidence to Support, When Sufficient.** Under an assignment of error that the evidence does not sufficiently. sustain the verdict, this court will not weigh the evidence further than to determine if there is evidence which reasonably tends to support the verdict. This court, on appeal, will not undertake to decide on which side the preponderance of proof is, where there is a conflict of evidence.

2. **SAME—Evidence—Instructions.** Where evidence is introduced by way of impeachment, and when such evidence is competent for that purpose, and where there is other evidence in the case which reasonably tends to support the verdict, and where there is nothing in the record which tends to show that the jury regarded or considered such evidence in any other way than as impeaching testimony, this court will not reverse the case for the reason alone that the trial court did not instruct the jury to only consider such evidence as impeaching testimony, no such instruction having been requested by the party against whom such testimony was offered.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before F. E. Gillette, Trial Judge.*

*Taylor & Alexander,* for plaintiff in error.

*Horace Speed, United States Attorney,* for defendant in error.

### STATEMENT OF FACTS.

At the October term, 1902, of the district court of. Comanche county, O. T., the grand jury returned an indictment against the plaintiff in error, N. Jones, charging him with selling liquor to Indians. On the 4th of April, 1903, a trial was had before a jury, resulting in a verdict

of guilty. Motion for new trial was overruled and excepted to, and defendant was sentenced by the court to pay a fine of one hundred dollars and costs, and to serve sixty days in the United States jail at Guthrie, O. T., to which judgment and sentence exceptions were saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error relied upon for a reversal of this cause, is, that the evidence does not sustain the verdict. We have carefully examined the evidence in this case, and we cannot agree with this contention. The testimony of the boy, Jesse James Childers, it seems to us, if believed by the jury, fully sustained the verdict as to the selling of beer to the Indians. He says that he saw Ne-Hi, the Indian to whom it is alleged beer was sold, counting money while standing by the side of Mr. Jones. After counting it he gave it to Mr. Jones, and Mr. Jones then gave the boy a pail and told him to get some beer. He went and got the beer and brought it back and set it down on the porch, and afterwards he saw these same Indians take a similar pail away from there, and afterwards he saw one of them, and he was drunk. It is true, this was denied by Ne-Hi. It was the province of the jury to weigh this evidence and determine which they believed. In addition to the boy's testimony, J. D. Lathan and N. F. Shavert, members of the grand jury, were called as witnesses to impeach the testimony of Ne-Hi, by saying that he admitted, under oath, before the grand jury, that he did get the beer from Jones. And here we might as well mention the only remaining assignment of error. That

is, that the court did not, by instructions to the jury, limit
the testimony of these witnesses to the impeachment of Ne-Hi,
This evidence was perfectly competent for impeachment, as
the foundation had been laid therefor while Ne-Hi was on
the stand.  No instruction limiting the effect of this tes-
timony was asked by the defense, and nothing in the record
would indicate that the jury considered this testimony as
anything but impeaching testimony.  We do not think it
was error for the court to omit to instruct the jury as to
the effect of this testimony where no such instruction was
asked.  But it is contended that there was no evidence show-
ing that Ne-Hi was a ward of the Government or under
the control of an Indian agent.  The testimony of S. W.
Childers when asked the question "Is Ne-Hi  under  the
charge of an Indian agent" was, "Yes sir, I so understand
it."  The Indian himself was put on the stand as a wit-
ness for the defense, and made no denial of this statement,
and in the absence of any denial by the defense, we think
this testimony would fully warrant the jury in finding that
fact.

Having examined the entire record, and believing that
a fair trial was had, the decision of the district court should
be affirmed.

Gillette, J., who presided in the court below, not sit-
ting; all the other Justices concurring.