[No. 17880.  Department One.  August 29, 1923.]

GERTRUDE HURLEY, *Appellant*, v., THE CITY OF SPOKANE
*et al., Respondents.*

F. V. HURLEY, *Appellant*, v. THE CITY OF SPOKANE,
*Respondent.*[1]

MUNICIPAL CORPORATIONS (442) — STREETS — DEFECTS — CONTRIB-
UTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.  Contributory negligence
precludes any recovery for injuries sustained when plaintiff's car
was damaged through the city's failure to maintain a suitable bar-
rier to keep cars from going over a retaining wall, where plaintiff
was familiar with all the facts and the danger in attempting to drive
down a steep winding and dangerous street when it was covered
with ice.

NEGLIGENCE (23)—IMPUTED NEGLIGENCE—DRIVER OF AUTOMOBILE.
Where a brother and sister were using a car with their father's per-
mission in a common venture, the negligence of the one driving is
imputable to the other.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered October 21, 1922,
upon granting a nonsuit, dismissing an action in tort.
Affirmed.

*Cannon & McKevitt* and *John M. Cannon,* for ap-
pellants.

*J. M. Geraghty* and *Alex M. Winston,* for respondent.

MACKINTOSH, J.—This appeal results from the grant-
ing of a nonsuit at the close of the appellant's evidence
in an action for damages resulting from the overturn-
ing of an automobile on one of the hill streets of Spo-
kane.  The appellant and her brother, who was driv-
ing, occupied the front seat in the machine in which,
early on a December morning, they were proceeding
to church.  Their course took them down a steep and
winding street which at the time was covered with a

[1]Reported in 217 Pac. 1004.

thin skin of ice, the result of foggy and freezing weather. The machine became unmanageable and skidded against a hand rail dividing the portion of the street used as a roadway and the portion several feet lower used by a street car line.

The claim of the appellant is that the city-respondent was negligent (1) in allowing a mass of rock to remain at the head of the incline, obstructing the view of the descent; (2) in constructing the roadway on such a steep grade; (3) in failing to provide a higher curb between the roadway and the excavation; (4) in permitting four sharp curves within the short distance down the grade; (5) in allowing the surface of the roadway to slope downward to the top of the excavation; (6) in constructing the crown of the roadway to swing first to one side and then to the other; (7) in not replacing the iron railing with one more substantial; (8) in not sanding the roadway on the morning of the accident, and (9) ''in not maintaining a suitable barrier to protect cars from going over the retaining wall of Bishop's Court and into the excavation,'' in view of the combination of circumstances and conditions present.

When all the evidence is examined and the arguments analyzed, the last claim of negligence is the one upon which the appellant's right of action must rest, and, although many cases are called to our attention which argue for and against the liability of the city under these circumstances, and particularly the case of *Swain v. Spokane*, 94 Wash. 616, 162 Pac. 991, L. R. A. 1917D 754, still, assuming that the question of the respondent's negligence presented a matter for a jury to determine as a question of fact, the appellants seem to be precluded from a recovery by reason of contributory negligence. Fully familiar with all the

facts asserted as establishing a dangerous situation, through constant association with them; experienced in the operation of automobiles; conscious of the hazard attendant upon the descent of a steep paved hill; knowing that fog and frost produce the perfect condition of slipperiness which must result in uncontrollable skidding; charged with notice of the atmospheric conditions on this morning, the ones in charge of this automobile were, assuming the city's primary negligence, contributing to it in attempting the use of the street at the time they did.

But it is said that to the appellant Gertrude Hurley cannot be attributed the contributory negligence of the driver, her brother. Here, however, the record shows that she and her brother were using the car with their father's permission on a common venture, and it therefore becomes immaterial who at the time may have been at the steering wheel. 20 R. C. L. 149.

Error is predicated upon the limitation of the examination of expert witnesses, but this need not be discussed in view of the above disposition of the case.

Judgment affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MITCHELL, JJ., concur.