SMALLEY, Respondent, vs. SIMKINS, imp., Appellant.

*September 14—October 11, 1927.*

*Automobiles: Gratuitous guest driving car: Owner not liable for negligence causing injury to passenger.*

Where a husband and wife took a trip with the owner of an automobile, each with separate and distinct purposes, under an arrangement whereby each of the men was to drive half of the way, the husband, while driving, is, as a matter of law, not the agent of the owner so as to charge the owner with his negligence in a highway accident in which the wife was injured.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed, with directions.*

Plaintiff was injured December 24, 1925, by being thrown from the automobile belonging to defendant *Simkins* and while it was being driven by defendant Frank Smalley,

plaintiff's husband, who interposed no defense. The facts were not in dispute.

The material parts of the special verdict are: That the plaintiff was a gratuitous guest of *Simkins,* the owner of the automobile; that defendant Smalley was driving with the consent and permission of *Simkins,* and as agent of *Simkins;* that the trip was undertaken at the request of *Simkins* and for the benefit of each of the parties; that defendant Smalley failed to exercise ordinary care in respect to speed, and also in the control of the car; that each of such failures was a proximate cause of plaintiff's injury; there was no contributory negligence by plaintiff. Damages were assessed at $4,500.

After motions subsequent to verdict the court directed judgment in favor of the plaintiff against both defendants for the amount awarded. Defendant *Simkins* appeals.

For the appellant there was a brief by *Shaw, Muskat & Sullivan,* and oral argument by *Arthur R. Barry,* all of Milwaukee.

For the respondent there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *C. E. Brady.*

ESCHWEILER, J. The plaintiff, *Mrs. Smalley,* her husband, the defendant Frank Smalley, and the appellant, *Simkins,* all lived in Manitowoc and had been friends for a number of years. A few days before, the three arranged to drive to Chicago or its vicinity in *Simkins'* automobile, each having plans for spending the holidays. At *Simkins'* suggestion it was agreed that each of the men was to drive half of the way.

A short time after defendant Smalley had relieved the defendant *Simkins* and while turning to avoid a truck, the car, then going about thirty miles per hour, commenced to skid, collided with a telegraph pole, and *Mrs. Smalley* was thrown out and seriously injured. The concrete highway on which they were riding was icy in places and *Mrs. Smalley*

had warned her husband several times to be careful on that account.

Assuming that defendant Smalley was negligent and caused the injury, yet the judgment here challenged can only be supported upon the theory that at the time of the injury plaintiff's husband in driving the car was an agent of Simkins. The facts compel us to reach the conclusion as a matter of law that at the time of the injury there was no such relationship between defendants so that any negligence by such driver could be chargeable against the owner.

If appellant had loaned his car to Mr. and Mrs. Smalley for the purpose of this trip and had not accompanied them, there would have been a plain case of mere bailment and no liability in the owner, as bailor, for the negligence by the bailee in the driving of the car. Calumet Auto Co. v. Diny, 190 Wis. 84, 208 N. W. 927. That Simkins drove the car part way and was riding in the front seat at the time of the accident does not present any substantially different situation. Each of the men was an experienced driver, and appellant, Simkins, at no time undertook or assumed to direct, as principal, the defendant Smalley as driver. The only thing here that can be recognized under the law as the proximate cause of the injury was the carelessness of the driver, Smalley. The mere fact of ownership of the car by Simkins is not of itself sufficient to create such a liability. Zeidler v. Goelzer, 191 Wis. 378, 383, 211 N. W. 140; Papke v. Haerle, 189 Wis. 156, 158, 207 N. W. 261.

The two Smalleys and Simkins were taking the trip for separate and distinct purposes of their own. While driving, Frank Smalley was as much the agent of the plaintiff as he was that of Simkins. The plaintiff ought not, therefore, be permitted to assert an alleged agency of her husband, the driver, for the owner of the car, and ignore an exactly similar relationship existing at the same moment between her husband and herself. In substance Simkins was loaning the

use of his car to the Smalleys, and the two supplied their own driver at that portion of the journey.

Finding, therefore, no proper warrant in the record to support the determination reached below, the judgment must be set aside.

*By the Court.*——Judgment reversed, and cause remanded with directions to dismiss the complaint as against the defendant *Simkins.*