[No. 21119. Department Two. September 25, 1928.]

S. W. O'BRIEN *et al., Respondents,* v. MARTIN WOLDSON
*et al., Appellants.*[1]

*Post & Russell,* for appellants.

*C. C. Lantry,* for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries sustained in an automobile accident. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law sustaining a recovery in the sum of $5,670. Judgment was entered for this amount from which the defendants appeal.

A number of the findings of fact of the trial court were excepted to, but no errors are assigned in this

[1]Reported in 270 Pac. 304.

regard and the findings will be taken as presenting the situation.

The appellants, Mr. and Mrs. Woldson, resided in the city of Spokane and were the owners of an automobile, a Packard sedan; and the respondents, Mr. and Mrs. O'Brien, also resided in that city. On or about September 28, 1926, Mrs. Woldson and Mrs. O'Brien left Spokane in the automobile owned by the appellants for a pleasure trip to Portland and Seattle, and with the intention of meeting Mr. Woldson in Seattle upon his arrival in that city from Alaska. Mrs. Woldson was to furnish the automobile and each of the ladies was to pay her own expenses. Mrs. O'Brien was to pay for the gasoline for the automobile. The trip was made as planned, and on the return trip the accident out of which this litigation arose occurred.

October 6, 1926, the parties were proceeding from Ritzville, on the principal highway, toward Spokane. When a few miles northeast of Ritzville, the accident occurred. A road scraper had recently been over the road and had scraped the gravel from the outer edge to the center leaving a ridge from four to eight inches high. On either side of the ridge there was a lane in which an automobile could be driven. Mr. and Mrs. Woldson were in the front seat of the automobile and Mrs. Woldson was driving. At the suggestion of her husband, the automobile was being driven astride the ridge of gravel. The speed was from thirty-five to forty miles per hour.

An automobile approached from the opposite direction upon the highway, which was straight. This automobile was traveling at a high rate of speed. Mrs. Woldson did not slacken her speed or attempt to cross into the right lane until within one hundred feet of the approaching car and then attempted to cross the ridge of gravel without slackening the speed of the

automobile. The result was the loss of control of the car which went into the ditch and Mrs. O'Brien was seriously injured. As stated, it was to recover for the injury sustained in this accident that the action was brought.

The appellants, in their answer, alleged that Mrs. O'Brien and Mrs. Woldson upon their trip to the coast and return were engaged in a joint enterprise or common adventure. This was substantially admitted by respondents. Without discussing that question, the case will be treated here as one of joint enterprise.

The first question is whether the negligence of Mrs. Woldson in operating the car will be imputed to Mrs. O'Brien, the other member of the joint enterprise. Where the action is brought against a third party the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise will be imputed to the other. *Masterson v. Leonard*, 116 Wash. 551, 200 Pac. 320; *Hurley v. Spokane*, 126 Wash. 213, 217 Pac. 1004; *Jensen v. Chicago, Milwaukee & St. Paul R. Co.*, 133 Wash. 208, 233 Pac. 635. It does not necessarily follow, however, that that rule should be applied when the action is by one member of the joint enterprise as against the other. When the action is against a third person, each member of the joint enterprise is a representative of the other and the acts of one are the acts of all if they be within the scope of the enterprise. When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person.

For present purposes it is sufficiently accurate to say that the relations of joint adventurers as between themselves are governed practically by the same rules that govern partners. *Harm v. Boatman,* 128 Wash. 202, 222 Pac. 478. In the case of partners an action for damages will lie by one partner against the other for wrongs inflicted upon the person or property of the one seeking to recover. In Rowley's Modern Law of Partnership, vol. 2, § 758, it is said:

"Actions for damages will lie between partners for tortious wrongs inflicted by a partner to the person or property of co-partner. . . ."

The precise question, so far as we are informed, has not been passed upon by any court of last resort except that of Wyoming where it is held that where one member of a joint enterprise sues another the doctrine of imputed negligence does not apply. *Ryan v. Snyder,* 29 Wyo. 146, 211 Pac. 482; *Collins v. Anderson,* 37 Wyo. 275, 260 Pac. 1089. In neither of those cases is the question much discussed, but it seems to us that the holding is sound for the reasons already pointed out.

The next question is what degree of care does one member of a joint enterprise owe to the other. In *Massaletti v. Fitzroy,* 228 Mass. 487, 118 N. E. 168, it was held that the measure of liability of one who undertakes to carry another in his automobile as a guest is the same as that of one who undertakes to keep the goods of another without compensation. In *Bradford-Kennedy Co. v. Buchanan,* 91 Wash. 539, 158 Pac. 76, this court in the case of a gratuitous bailment held that no action would lie in the absence of gross negligence. That rule has been applied where the guest is injured in an automobile accident and seeks to recover damages from the operator of the car. In

such a case it has been held in *Heiman v. Kloizner,* 139 Wash. 655, 247 Pac. 1034; *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27, and *Klopfenstein v. Eads,* 143 Wash. 104, 254 Pac. 854, 256 Pac. 333, that there is no liability in the absence of gross negligence. It thus appears that this court has applied the same rule to a guest in an automobile as is applied in the case of a gratuitous bailment.

In the case of a bailment for hire, the rule is that recovery may be had for failure to exercise ordinary care. *Thompson v. Seattle Park Co.,* 94 Wash. 539, 162 Pac. 994; *Burley v. Hurley-Mason Co.,* 111 Wash. 415, 191 Pac. 630.

A bailment for hire is for the mutual benefit of the parties. A joint enterprise is an undertaking for the mutual benefit or pleasure of the parties. The same rule should be applied in the one case as in the other. In the case of a gratuitous bailment or that of a guest being carried in an automobile, the benefit is not mutual but is all on one side. The guest is the one who receives the benefit. It is no advantage to the driver of the automobile to haul the guest. Hence the gross negligence rule. In the case of a joint enterprise, which is for the mutual benefit or pleasure of the parties, the rule of ordinary negligence should be applied.

There has been some suggestion that there was a failure to show negligence, and if such negligence were shown, that Mrs. O'Brien was guilty of contributory negligence. The trial court found negligence and also found that there was no contributory negligence. Without prolonging the discussion, it may be said that we are entirely in accord with these findings. To turn the automobile across the ridge of gravel at the speed at which it was going was certainly an act of negligence. There is nothing in the record from which it

can be inferred that Mrs. O'Brien was guilty of contributory negligence.

The judgment will be affirmed.

FULLERTON, C. J., ASKREN, and BEALS, JJ., concur.