## YELLOW TAXICAB & BAGGAGE CO. v. ALSUP.

No. 25029. Nov. 5, 1935.

Rehearing Denied Dec. 17, 1935.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Gomer Smith and M. J. Parmenter, for defendant in error.

PER CURIAM. Mrs. E. T. Alsup, hereinafter referred to as the plaintiff, recovered a judgment against the Yellow Taxicab & Baggage Company, a corporation, in the lower court for the sum of $3,000, interest and costs to compensate her for injuries sustained by her while riding in one of the defendant's taxicabs. The issues framed by the pleadings were tried to a jury and the defendant requests this court to grant it a new trial assigning as error, first, the admission of certain testimony, and second, that the evidence failed to establish actionable negligence on the part of the defendant's agent, the driver of the cab.

A review of the record leads us to the con-

clusion the defendant is entitled to a new trial because of the error of the trial court in admitting over the defendant's objection a portion of the plaintiff's testimony.

On March 12, 1930, the plaintiff engaged one of the defendant's taxicabs. En route to the destination designated by her the driver of the conveyance swerved suddenly to avoid hitting another approaching car, throwing the plaintiff to the floor of the cab. On July 12, 1931, the plaintiff gave birth to her third child. On direct examination the plaintiff was asked this question: "Was there anything different between the carriage and delivery of that baby as compared with the birth and delivery of the prior babies you had?" The witness answered this question in the affirmative. She was then asked: "What was the difference?" Objection was made on the ground of incompetency, irrelevancy and immateriality, and that the witness was not qualified to answer, and for the further reason that no proper foundation had been laid. The objection was overruled and the plaintiff explained in detail that the delivery of the third child was accompanied by more pain and suffering than the delivery of her first two children. At no time during the trial was any expert testimony introduced to establish any connection between her alleged injury and the suffering coincident with this childbirth. As argued by the defendant, this left the jury to infer or assume that the injury complained of caused the difficult childbirth. As admitted, the testimony was irrelevant, remote and prejudicial. The Iowa court, in the case of Etzkorn v. City of Oelwein, 120 N. W. 636, has reached the same conclusion in an analogous case. In that case the plaintiff sued to recover damages for injuries sustained from a fall on the sidewalk. In reversing the case that court said:

"* * * She was permitted over objections, to testify that she had previously given birth to four children, all of whom were born in the normal position, and without her suffering pain. Held, that the admission of the evidence was prejudicial. * * *

"Plaintiff claimed that by reason of the fall her unborn child was forced into a transverse and unnatural position, where it remained until birth, when it had to be changed by means of instruments and manipulations into a proper position for delivery. In order to demonstrate this, she was permitted to testify that her other children were born in a normal position. There is no logical connection between these facts. Moreover, her testimony that she suffered no pain when her prior children were born may be true, although contrary to all human experience,

but, even if true, it has no tendency to show that the pain she suffered from the delivery of her last child was due to the injury she received when she fell upon the sidewalk. * * *

"The only legitimate inference to be derived from her testimony as to prior childbirths was that these deliveries did not rupture any of her organs, and that she had not suffered any lesions which were found after the birth of her last child. Direct testimony was admissible upon this point, and it is manifest that counsel in offering this testimony was not trying to prove her physical condition prior to the birth of her last child. His effort undoubtedly was to have the jury believe that, as she had not previously suffered from childbirth, her suffering which she described as accompanying the birth of her last child must have been due to the accident upon the walk. For reasons already suggested, we do not think this true, either as a logical or gynecological proposition."

In our opinion the admission of this evidence and its reiteration as shown by the record was highly prejudicial. The testimony was concerning a matter on which the sympathy of the jury could be readily elicited. Every father has a vivid picture of the pain and suffering normally associated with the birth of a child. To elaborate upon this picture with no medical evidence associating it with the injury was prejudicial to the defendant, and the error was of sufficient materiality to warrant a new trial. Brison et al. v. McKellop, 41 Okla. 374, 138 P. 154; Harris et al. v. Hart, 49 Okla. 143, 151 P. 1038; Cook v. First National Bank of Duncan et al., 110 Okla. 111, 236 P. 883.

On the record in this case the defendant's second contention is without merit. True it is, that a person is not liable if in an emergency not caused by his negligence he acts according to his best judgment, even though he does not act judiciously. Oklahoma Producing & Refining Corporation of America v. Freeman, 88 Okla. 166, 212 P. 742. In her brief the plaintiff complains that in urging this assignment of error the defendant has been guilty of changing its theory of the case on appeal. We do not think there has been a serious departure. However, the defense is so closely akin to that of unavoidable accident that in our opinion it is an affirmative defense which to be available must be specifically pleaded. If the defendant had pleaded that its agent acted in an emergency according to his best judgment and introduced proof to establish the allegation, it would have been entitled to an instruction on the issue. Wilson v. Roach, 101 Okla. 30, 222 P. 1000. But having made no such plea, we

think there was no error committed in this respect.

In view of the foregoing opinion the judgment of the trial court is hereby reversed, and the cause remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys Grover Spillers, W. A. Chase, and Chas. A. Steele in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Spillers and approved by Mr. Chase and Mr. Steele, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.