ROWTON et ux. v. KEMP.

No. 30175.   May 12, 1942.

*125 P. 2d 1003.*

Varner & Varner, of Poteau, for plaintiffs in error.

Julian B. Fite, of Muskogee, for defendant in error.

PER CURIAM. This is an action brought by Wiley R. Rowton and Rosie Lee Rowton, parents of Melton Rowton, hereinafter referred to as plaintiffs,

against W. O. Kemp, hereinafter referred to as defendant, seeking damages for the wrongful death of their son, Melton Rowton, who was struck by an automobile on the highway on the afternoon of January 3, 1939, and as a result of the injuries died on January 8, 1939.

The evidence discloses that Melton Rowton, of the approximate age of seven years, was riding in a farm wagon and when he had reached the neighborhood of his home, about one-tenth of a mile east of . Forrester school, he left the wagon and started across the road north toward the direction of his home, when he was struck by the rear portion of an automobile driven by the defendant and sustained the injuries which resulted in his death. Only one witness saw the accident, although there were at least five persons in the wagon. This witness testified that Melton Rowton struck the rear fender of the automobile driven by the defendant.

After a trial to the jury a verdict was rendered for the defendant, following which judgment was entered thereon.

The plaintiffs have appealed and present two allegations of error under two propositions in the argument.

It is first urged that the court erred in refusing to submit an instruction limiting certain evidence introduced to contradict the testimony of Lon McClain, a brother of the owner and driver of the farm wagon, testifying for the plaintiff. He stated that he did not see the accident but heard the impact of the automobile and the body of Melton Rowton. On cross-examination, after detailing the circumstances subsequent to the accident, he was asked if he did not state to the witness Buck Wright that the accident was unavoidable. To this question he answered no. Subsequent to his testimony the defendant introduced Buck Wright, who was permitted to testify without objection that the witness Lon McClain stated to Buck Wright, in substance, that he was of the opinion that the accident was unavoidable. We hold there was no error in the refusal of the court to limit by an instruction the evidence on this question by defining the nature, extent, and purpose of impeaching testimony. Plaintiff has cited a number of authorities holding that where a witness is impeached on a material question at issue, it is proper for the trial court to give an instruction limiting the consideration of impeaching testimony to that purpose alone. We have so held. See Monahan v. Cornelson, 134 Okla. 95, 231 P. 1071; De Camp v. Comerford, 134 Okla. 145, 272 P. 475; also, C. J. vol. 70, p. 1153, § 1139. However, plaintiffs cite in support of this proposition Foreman v. State, 38 Okla. Cr. 50, 259 P. 176. Therein the court said:

"The impeaching of a witness in such case rests largely in the sound discretion of the trial court. When a contradictory statement is admitted, the trial court should limit and restrict the application of such testimony to impeachment only, but the failure to do this is not necessarily reversible error. Jones v. United States, 14 Okla. 356, 78 P. 100."

The witness McClain was asked a question which required at the most a statement of his opinion. Conceding that the answer may have been in a sense material to the issues involved, he was not impeached on a question of fact but simply upon a matter of opinion. See, in this connection, Midland Valley R. Co. v. Ogden, 60 Okla. 74, 159 P. 256.

It is next urged that the court erred in giving an instruction on unavoidable accident. In this connection plaintiffs allege that this court has held in Yellow Taxicab & Baggage Co. v. Alsup, 175 Okla. 332, 52 P. 2d 724, that it is error to instruct on the issue of unavoidable accident unless the defendant has pleaded and proved such a set of circumstances as would justify a jury in finding an unavoidable accident. We cannot agree that this question has been so determined by our court. In Yellow Taxicab & Baggage Co. v. Alsup, supra, the court was considering the error of the trial court in relation to an instruction on being confronted with an emergency. The statement with relation to

unavoidable accident therein contained is pure dicta. In Wilson v. Roach, 101 Okla. 30, 222 P. 1000, the court held that it was not error to instruct on unavoidable accident where the defendant had pleaded and the evidence showed circumstances from which the jury could find an unavoidable accident. Defendant asserts that this question has never been determined in this jurisdiction where the defendant has failed specifically to plead an unavoidable accident and where the evidence discloses facts and circumstances from which the jury could find an unavoidable accident. We are inclined to agree with this assumption of the defendant.

Other courts have considered this particular question. In O'Connell v. Home Oil Co., 180 Wash. 461, 40 P. 2d 991, the court considered the identical question presented and arrived at the conclusion that it was not error to instruct on the issue of unavoidable accident, and stated that where an issue was presented by the evidence it could be submitted to the jury on the theory that the pleadings would be considered amended to meet the issue. Cited in support of this rule were Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; G. H. & S. A. Ry. Co. v. Washington, 94 Tex. 10, 63 S. W. 534. In Niosi v. Empire Steam Laundry, 117 Cal. 257, 49 P. 185, and subsequent cases by that court it is held that where the evidence tends to disclose, substantially, circumstances which would justify the jury in concluding that there is an inevitable or unavoidable accident, the court is authorized to instruct thereon under the general issue. Therein it is stated that the defendant is entitled to rely upon any state of facts or circumstances which disclose that there is a lack of negligence on his part. See, also, discussion in this connection in Graham v. Consolidated Motor Transport Co., 112 Cal. A. 648, 297 P. 617; Raymond v. Hill, 168 Cal. 473, 143 P. 743, and Murero v. Reinhart Lbr. Co., 85 Cal. A. 385, 259 P. 494.

The evidence in the case at bar discloses that Melton Rowton was riding in the wagon going east on the highway which passed his home, which was on the north. Two automobiles were approaching from the east. The automobile of the defendant was the second automobile to the east. According to the evidence offered by the defendant, having seen that he had a clear way between him and the front automobile, and the wagon, he cut from behind the automobile in front of him, which was being driven at approximately 15 miles per hour, for the purpose of passing said automobile. His line of vision was clear and there was no one walking on the road or crossing the road or attempting to cross the road in his direct path. The defendant in his answer first pleaded, in substance, a general denial, and secondly pleaded contributory negligence of the said Melton Rowton. Under such circumstances we are of the opinion, and hold, that from these facts and circumstances a jury could probably conclude that the accident was unavoidable, and it was not error for the court to instruct upon the issue of unavoidable accident.

Affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY, BAYLESS, and DAVISON, JJ., absent.