## PHILLIPS et al. v. WARD.

No. 31402.   April 3, 1945.

*157 P. 2d 450.*

Swank & Swank, of Stillwater, for plaintiffs in error.

Brown Moore and Guy H. Horton, both of Stillwater, for defendant in error.

PER CURIAM.   Charles L. Ward, hereinafter called plaintiff, brought this action against Fred Phillips and Wilson & Company, hereinafter called defendants, to recover damages for personal injuries sustained when a truck and automobile collided at the intersection of Duncan street and Eighth avenue in Stillwater, Okla.  A trial to a jury resulted in a verdict for the plaintiff for $4,000.  Judgment was entered thereon, and defendants appeal.

The first two propositions presented raise the sufficiency of the evidence to sustain the verdict of the jury.  The evidence is in irreconcilable conflict.  The plaintiff was riding with H. C. Campbell and was traveling west in an automobile driven by the said Campbell.  The defendant Fred Phillips was driving a truck owned by the defendant Wilson & Company and was traveling south on Duncan street in Stillwater, Okla., when a collision occurred at the intersection.  The truck struck plaintiff's automobile midway and on the right of the front door and the automobile was hurled onto the southwest corner of the intersection of the street and the truck was driven a few feet down the street under its own power and parked on the north side of Duncan street, where photographs were taken.  The plaintiff, together with the driver of the car, testified that the automobile entered the intersection at eight or ten miles an hour, and that plaintiff saw the defendant's truck coming at 35 or 40 miles an hour 75 feet up the street from the intersection.  The defendant Fred Phillips, together with the occupant of the truck he was driving, both testified that the defendant's truck entered the intersection at ten or twelve miles an hour and saw the Campbell car approaching at approximately 35 miles an hour.

It is well settled by the decisions of this court that where a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was primary negligence on the part of the defendant, the determination of the matter is one for the jury. Dickinson v. Granbery, 71 Okla. 9, 174 P. 776; St. L.-S. F. R. Co. v. Loftis, 25 Okla. 496, 106 P. 824. We are of the opinion, and hold, that the verdict of the jury is sustained by competent evidence reasonably tending to disclose negligence on the part of the defendants.

It is next argued that the court erred in giving instruction No. 7, the purport of which was to direct the jury that the plaintiff was a guest in the automobile of H. C. Campbell, and that the contributory negligence, if any, of H. C. Campbell is not to be imputed to the plaintiff. In Hasty v. Pittsburg County Ry. Co., 112 Okla. 144, 240 P. 1056, it is stated:

"In order to impute the negligence of the chauffeur to the one riding, the relation of master and servant or principal and agent must exist, or the parties must be engaged in a joint enterprise, whereby responsibility for the acts of each other exists. St. Louis & S. F. Ry. Co. v. Bell, 58 Okla. 84, 159 P. 336, L.R.A. 1917A, 543; Oklahoma Ry. Co. v. Thomas, 63 Okla. 219, 164 P. 120, L.R.A. 1917E, 405; Thresher v. St. Louis & S. F. Ry. Co., 86 Okla. 88, 206 P. 212; Muskogee Elec. Trac. Co. v. Richards, 97 Okla. 61, 222 P. 265, 267. This rule excludes such imputation otherwise. In Bell Case, supra, it is said:

" 'The doctrine of imputable negligence, except when counteranced by statute, is a fiction of the law which finds small favor with the courts, and has been very infrequently applied in our own.' "

And in Oklahoma Ry. Co. v. Thomas, supra, it is stated that the test whether the negligence of the driver is to be imputed to the one riding depends upon the latter's control or right of control of the actions of the driver so as to constitute in fact the relation of principal and agent or master and servant, or the voluntary unconstrained, noncontractual surrender of all care for himself to the caution of the driver. Although we have adopted the doctrine of imputed negligence under the above rules, the tendency of our court has been to limit them to the rules announced, and we therefore hold that under the facts and circumstances of this case, which demonstrate without dispute that H. C. Campbell called the plaintiff on the telephone the night before the date of the accidental injury on April 24, 1941, and asked him to come by his office to go to the home of said Campbell for the purpose of making an estimate to determine whether or not the plaintiff should install shrubs at the home of the said Campbell, and where, as in the case at bar, the evidence discloses that Campbell was driving the plaintiff to his home for the purpose of having the plaintiff inspect the same with relation to installation of shrubbery, the contributory negligence, if any, of said Campbell is not to be imputed to the plaintiff.

It is finally argued that the judgment on the verdict of the $4,000 is excessive. The evidence discloses that the plaintiff suffered a temporary concussion. He was taken to the hospital, where he remained 21 days. The expense incurred was not established by the evidence, but it is reasonable to assume that it was considerable and was or will be paid by the plaintiff. The medical evidence of plaintiff tends to disclose a definite physical impairment with a probable degree of permanency. The rule as to excessive damages has been many times expressed by this court. It is one of the most frequently urged assignments of error. Perhaps the most nearly correct rule is that there is no arbitrary measurement by which to gauge excessive damages and whether a verdict is excessive depends upon the particular facts and circumstances of the case under consideration. The following cases have been cited for the reason that they involve fact situations and amounts somewhat similar to the case at bar and the verdicts and judgments were held not to be excessive. De Camp v. Comerford, 134 Okla. 145, 272 P. 475; Kelly v. Cann, 192 Okla. 446, 136 P. 2d 896; Smith v. Rohl, 190 Okla. 603, 126 P. 2d 61; Tulsa Stockyards v. Moore, 184 Okla. 6, 84 P. 2d 37; Oklahoma Producing & Refining Corp. of America v. Freeman, 88 Okla. 166, 212 P. 742; and Andrews v. Annunziato, 115 Com. 728, 163 Atl. 415. In Andrews v. Annunziato, supra, the judgment was rendered for $6,800, which was reduced by the Supreme Court of Connecticut to $4,800, in a fact situation almost identical to that in the case at bar. We hold that under the facts and circumstances of this case, the

verdict and judgment rendered thereon were not excessive.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.