Alfred RIES, Plaintiff in Error,

v.

Phil CARTWRIGHT, Defendant in Error.

No. 36808.

Supreme Court of Oklahoma.

March 13, 1956.

Rehearing Denied May 8, 1956.

Application for Leave to File Second Petition for Rehearing Denied May 29, 1956.

Bryan Billings, Woodward, for plaintiff in error.

Cheek, Cheek &. Cheek, by Alex Cheek, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an action wherein Alfred Ries, as plaintiff, seeks to recover from the defendant, Phil Cartwright, damages for personal injuries received in an automobile accident while plaintiff was allegedly a guest in the automobile owned by defendant. The parties will be referred to as they appeared in the trial court. The case was formerly before this court upon appeal from an order of the trial court sustaining a motion for new trial. That order was affirmed, Cartwright v. Ries, Okl., 270 P.2d 957. The present appeal is from a verdict and judgment for defendant rendered upon retrial.

On February 18, 1952, the plaintiff was making preparation for a trip to Enid, Oklahoma from his home in Perryton, Texas. His wife was in Enid with her father who was gravely ill. She had called the plaintiff by telephone to tell him of her father's serious condition and had asked him to come. Since she had their automobile with her it was necessary for him to arrange about other transportation. Defendant, who was engaged in farming and cattle raising near Perryton, had in his employ as a farm hand a Mr. Frank Keim. On said February 18, 1952, defendant and Keim had brought into town and sold a load of calves and shortly after supper stopped by plaintiff's home. There they learned of the plans of plaintiff to go to Enid. The three of them decided to make the trip together in defendant's automobile; plaintiff, to meet his wife and to get his car; defendant and Keim, to have a little vacation and defendant to also see one of his relatives. Keim had no duties to perform and went as a mutual friend of

both the plaintiff and defendant and not in the capacity of an employee.

With defendant driving his car and the other two riding beside him on the front seat, they left Perryton. Near ten o'clock that night and shortly before entering Woodward, Oklahoma, the defendant stopped the car and he and Keim got out. Before getting back into the car, Cartwright asked Keim if he wanted to, or cared to, drive. Keim answered "all right" and, from then on, Keim was driving, Cartwright was in the center and plaintiff was on the outside of the front seat. They drove through Woodward and at a point several miles east of that town, the highway curved to the east. A car with very bright lights was approaching going west at that point. Keim was driving at about 45 to 50 miles per hour. He pulled over to the right so that two wheels were on the shoulder of the road and continued driving at about the same speed for some 400 to 500 feet when he turned back onto the pavement after the other car had passed. The automobile continued in its course across the highway and plunged into the ditch. Keim was killed. Plaintiff and defendant were seriously injured.

In his action founded upon negligence of the said Keim, plaintiff alleged in his amended petition that the defendant was liable therefor because

"At all times mentioned herein, Frank Keim was acting as the agent, servant and employee of said defendant, and was at all of said times acting within the scope of his authority as such agent, servant and employee of said defendant and was using, driving and operating a 1951 DeSoto automobile belonging to said defendant upon the highways of the State of Oklahoma and within said Woodward County."

A trial to a jury resulted in a verdict for defendant. Plaintiff's appeal from the judgment rendered on the verdict challenges the correctness and completeness of the instructions to the jury.

The plaintiff requested and the trial court refused to instruct the jury that any negligence on the part of Keim was not imputa-

ble to plaintiff; and that, at the time of the wreck, Keim was the agent and servant of defendant and was acting within the scope of his authority as such. Instead, the court, among other things, instructed the jury as follows:

"You are instructed that if you find from a preponderance of the evidence that at the time herein involved the said Frank Keim was the agent, servant and employee of the defendant and acting within the scope of his authority in driving and operating the defendant's automobile, then and in that event the acts of the said Keim were in law the acts of the defendant.

"On the other hand, if you find from a preponderance of the evidence that at time in question the said Frank Keim was acting as the agent of the plaintiff, and was operating and driving the defendant's automobile on a trip for the use and benefit of, and primarily in the interest of the plaintiff, then and in such event the acts of the said Keim were in law the acts of the plaintiff.

"* * * or if you find from a preponderance of the evidence that the plaintiff was guilty of contributory negligence, or that the casualty was an unavoidable accident, or that Keim was the agent of the plaintiff in operating and driving the defendant's automobile, then in either of said latter events your verdict should be for the defendant."

To each of said actions of the court, the plaintiff excepted and here alleges error.

Also, plaintiff asserts that the court erred in giving the following instruction:

"An unavoidable accident is a casualty which occurs without negligence on the part of either party, and when all means which common prudence suggests have been used to prevent it; and if you find from the evidence in this case that the accident was unavoidable and occurred without the fault or negligence of either the plaintiff or the defendant, then your verdict must be for the defendant."

In considering the propriety of the trial court's rulings bearing on the question of agency, certain points must be borne in mind. Keim was employed by defendant for doing farm work and services as to cattle—not to drive an automobile. Hence, at the time of the wreck Keim's employment by defendant had no bearing on the existence of agency. The ownership of the car did not establish agency. The rule has long been followed in this jurisdiction "that before the negligence of the driver of an automobile is imputed to the owner of the car, it is necessary to prove that the defendant was the owner of the car and that the relation of master and servant existed between the driver and the owner of the car." Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 68, 32 A.L.R. 1490. A well considered discussion reaching the same conclusion is found in the Kansas case of Zeeb v. Bahnmaier, 103 Kan. 599, 176 P. 326, 2 A.L.R. 883. The pleadings present the issues as to whether or not the said Keim, at the time of the wreck, was the agent of either plaintiff or defendant. Plaintiff was going to Enid at the bidding of his wife and, according to a written statement in evidence he had said, "Of course, they were taking me to Enid for my convenience and I intended to pay for the gas, eats and rooms but up to the time of the accident I had not bought or paid for anything." Defendant was going to Enid on a little vacation and to see a cousin and had furnished the car. Keim was driving because he wanted to or cared to (in the words of the record). Did Keim, then, occupy the position of agent or servant of either, since both had properly denied it?

In a vast majority of the reported cases wherein the negligence of the driver was charged to the owner of the car, one of two conditions existed. Either, the driver was an employee or agent for the purpose of driving or, the driver was a careless and negligent driver and the owner occupant did not put a stop to his driving. The latter situation obtained in most of the cases cited by plaintiff herein. Neither situation, however, prevails in the case at bar. Keim was employed by Cartwright as a cattle and farm hand, not as a driver. He was on the trip because of his and Cartwright's mutual desire. Therefore, the first above condition

did not exist. As to the latter, all the testimony was to the effect that Keim was a careful and prudent driver. There was no negligent act other than the fatal one if, indeed, that was negligent. The conclusion, then, is that Keim and Ries were each on the trip for the same reason.

In the cases which are cited in support of the alleged relationship of host and guest as between Cartwright and Ries, the car was being driven by the owner or by his authorized agent or employee. Herein, if Keim was the agent of the owner, it was by reason of the fact that the two were on a joint venture or enterprise. And, by the same token, if Keim was the agent of Ries, it was because the latter was also on the same joint venture. In the case of Smith v. Wells, 326 Mo. 525, 31 S.W.2d 1014, it was held:

"The negligence of the driver of an automobile is imputable to the owner who is personally present in the automobile, where both are engaged in a joint journey or enterprise, whether of business or pleasure."

and in the case of Hurley v. City of Spokane, 126 Wash. 213, 217 P. 1004, it was held:

"Where plaintiff and her brother, who drove their father's car, when she was injured while they were using it with their father's consent on a common venture, the contributory negligence of her brother was imputable to her."

■■ But in the case at bar, the allegations are that both situations exist (the driver as agent for owner and as agent for passenger). The evidence is such that reasonable men could come to different conclusions and, therefore, the existence of either or both relationships were questions for submission to the jury. In the case of Modern Motors, Inc., v. Elkins, 189 Okl. 134, 113 P.2d 969, this court pointed out that,

"Where the evidence is conflicting, the issue (master and servant) is one of fact for determination by a jury."

And, as was said in 5 Am.Jur. 787–8, "the jury may find that an agreement between the owner of an automobile and another to take a trip and to share the expenses equally creates a joint enterprise within the meaning of the law of negligence."

A case which was similar in many respects to the one at bar was considered by the Wisconsin Court in Smalley v. Simkins, 194 Wis. 12, 215 N.W. 450. Therein, the facts were that, "The plaintiff, Mrs. Smalley, her husband, the defendant Frank Smalley, and the appellant, Simkins, all lived in Manitowoc and had been friends for a number of years. A few days before the three arranged to drive to Chicago or its vicinity in Simkins' automobile; each having plans for spending the holidays. At Simkins' suggestion it was agreed that each of the men was to drive half of the way.

"A short time after defendant Smalley had relieved the defendant Simkins, and while turning to avoid a truck, the car, then going about 30 miles per hour, commenced to skid, collided with a telegraph pole, and Mrs. Smalley was thrown out and seriously injured." The Court concluded that, "While driving, Frank Smalley was as much the agent of the plaintiff as he was that of Simkins. The plaintiff ought not therefore be permitted to assert an alleged agency of her husband, the driver, for the owner of the car, and ignore an exactly similar relationship existing at the same moment between her husband and herself. In substance, Simkins was loaning the use of his car to the Smalleys, and the two supplied their own driver at that portion of the journey."

Under the holding in the last cited case, the trial court would have been justified in directing a verdict for the defendant Cartwright. We need not here determine the question to that degree of completeness. It was submitted to the jury and verdict was for defendant Cartwright. There was no error in that action by the trial court. It should, however, be pointed out that other rules are applicable in an action against only Keim by either Cartwright or Ries.

■■ Relative to the question of unavoidable accident, the case at bar differs from that of Huey v. Stephens, Okl., 275 P.

2d 254, in that, in the reported case there was no physical condition having an influence on defendant's actions. Herein, bright lights of the approaching car were sufficient to blind defendant and the jury could reasonably conclude that they had the same effect on Keim. Whether or not he voluntarily pulled off on the shoulder could not be determined. Under such circumstances, the jury could properly have determined that the accident was inevitable and unavoidable. It is not error to instruct on unavoidable accident where the defendant has pleaded and the evidence shows circumstances from which the jury could find an unavoidable accident. Rowton v. Kemp, 190 Okl. 558, 125 P.2d 1003.

The trial court committed no error in submitting the issues of agency and unavoidable accident to the jury and the instructions given thereon were proper.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, and HUNT, JJ., concur.

CORN, BLACKBIRD and JACKSON, JJ., dissent.

CORN, Justice (dissenting).

I dissent to the majority opinion for the reason the facts, as stated in the opinion, show conclusively, to my mind, that the accident was caused by the negligence of the defendant, and therefore, the trial court erred in giving an instruction on unavoidable accident.

I therefore respectfully dissent.

I am authorized to state that Justice BLACKBIRD concurs in this dissent.

JACKSON, Justice (dissenting).

There is no evidence in this case from which it may be inferred that the driver was driving as agent for the plaintiff. The fact that plaintiff had an (unexpressed) intention to pay for the "gas, eats and rooms" would not give him any right to designate the driver or control the movements of the car, and plaintiff had made no effort to do either.

It was Cartwright who decided to make the trip to Enid and it was Cartwright who designated Keim as the driver.

The negligence of the driver of an automobile can only be imputed to a passenger therein when there is some evidence that the driver occupies the position of an agent or servant to the passenger, or if the parties are engaged in some joint enterprise where each is responsible for the acts of the other. Phillips v. Ward, 195 Okl. 315, 157 P.2d 450; Shefts Supply Co., Inc., v. Purkapile, 169 Okl. 157, 36 P.2d 275; 48 A.L.R. 1077 et seq.

I therefore respectfully dissent.