PER CURIAM.
This appeal brings on for review a final decree rendered in an accounting suit. The parties had been engaged in a joint venture in the sale of foreign steel in this country. The appellant urges three points upon which he contends the chancellor erred in rendering the account. First, in charging him with one-half of the losses incurred in the sale of steel subsequent to the termination of the relationship. Second, in charging him with one-half of the loss on a certain shipment of steel which was supposed to have been covered by “all risk insurance” secured by the appellee, when in fact it was not, through an oversight on the part of employees of the appellee. Third, that it was contrary to the terms of their agreement for the appellant to be charged one-half of certain bank expenses, credit insurance premiums and credits.
We have examined the record in light of the contentions made by the appellant, and find no error as to the sharing of one-half of the losses because the loss was one sustained on steel ordered prior to the termination of the joint venture. As to the division of the loss which was not covered by “all risk insurance”, it appears that the chancellor correctly applied the principle of law that one member of a joint venture is not liable to the other for mere negligence. See: 24 Fla.Jur., Partnerships, § 152; 48 C.J.S. Joint Adventures § 11, page 844. However, it appears that the appel-lee is attempting to recover the loss occasioned from the ship owners, wherein it *77 is alleged that the damage occurred and, of course, if it is successful it will hold any proceeds recovered in said litigation for the benefit of the appellant as well as itself. The appellant has also failed to demonstrate any error in the application of bank charges, credit insurance premiums and credits.
Therefore, the final decree here under review is hereby affirmed.
Affirmed.