William D. **REEVES**, Plaintiff in Error,

v.

James H. **HARMON**, Defendant in Error.

No. 42388.

Supreme Court of Oklahoma.

Sept. 22, 1970.

Jack B. Sellers, Sapulpa, Charles S. Woodson, Drumright, Joe A. Moore, Memphis, Tenn., for plaintiff in error.

Rhodes, Hieronymus, Holloway & Wilson, by William H. Wilson, Oklahoma City, for defendant in error.

McINERNEY, Justice.

William D. Reeves (Plaintiff), as owner and passenger of a car, filed this negligence action against James H. Harmon (Defendant), as driver, for personal injuries sustained by Plaintiff when Defendant, after cresting a country road late at night, hit a boulder and crashed into a ditch. The usual grounds of negligence were pleaded, and defenses thereto interposed, including a specific allegation in the answer that Defendant was acting as the agent of Plaintiff during the operation of the automobile, and that Defendant's negligence should be imputed to the Plaintiff as contributory negligence on his part, barring recovery. The agency theory was apparently founded on Defendant's contention that the trip was undertaken for the benefit of Plaintiff. The jury returned a general verdict for Defendant.

Plaintiff challenges an instruction which embodied the Defendant's theory of agency and imputed negligence and stated that if Defendant was acting as the agent of Plaintiff, then the acts of Defendant "were in law the acts of the Plaintiff"; and that if the jury so found that Defendant had in fact been acting as agent of Plaintiff, their verdict should be for Defendant. Contributory negligence and unavoidable accident were also included in the instruction as additional "if you find" defenses, but the main thrust of the challenged instruction was directed to the question of agency and the command to find for Defendant in the event of the affirmative determination thereof. The jury was further instructed, in effect, that agency could be inferred from the fact, if so found, that the "trip [was] for the use and benefit of, and primarily in the interest of the plaintiff."

We find that we need proceed no further with a recitation of the evidence or with our inquiry into the record than to examine into this instruction of the trial court relating to the imputation of Defendant's negligence back to the Plaintiff because of the alleged agency or joint venture

relationship between the parties. This instruction is basically that of "imputed contributory negligence," a doctrine which we note has been the subject of increasing disfavor; Prosser on Torts, 3rd (1964) Ed., § 73, p. 501 et seq.; A.L.I. Restatement on Torts (2nd), Comment to § 485; Weber v. Stokely-Van Camp, Inc. (1968) 274 Minn. 482, 144 N.W.2d 540. But assuming its continuing validity in this jurisdiction, the doctrine's applicability is normally to and in the situation where a plaintiff-passenger sues the driver of some *other* vehicle for negligence, but is barred due to his *own* driver's negligence, which because of some agency or joint venture relationship is "imputed" back to the plaintiff himself, in whom it is then deemed *contributory* negligence.

It is universally recognized, however, that this application of the doctrine of *respondeat superior* is justified, if at all, for the protection of *third* parties to a collision, and has no application to a *one-car* lawsuit *solely between driver and passenger*. This important distinction is clearly recognized in the A.L.I.'s Restatement on Torts (2nd Ed.). Section 486 states:

"A master is barred from recovery against a negligent defendant by the negligence of his servant acting within the scope of his employment,"

and § 491(1):

"Any one of several persons engaged in a joint enterprise, such as to make each member of the group responsible for physical harm to other persons caused by the negligence of any member, is barred from recovery against such other persons by the negligence of any member of the group."

However, in the exclusively *inter se* situation, such as presented here, the following rule is announced in § 491(2):

"Any person engaged in such a joint enterprise is not barred from recovery *against the member of the group who is negligent * * *"* (Emphasis added).

The Comment (p. 552) to the foregoing Section illustrates the application of the

rule, and is further supported by the Restatement on Agency (2d), § 415, Comment (b), and Illustration (5).

Other "black letter" recitations of the rule against applying the doctrine of "imputed contributory negligence" to *inter se* litigation solely between the master and servant or joint coadventurers themselves can be found in 4 Shearman and Redfield on Negligence, Rev.Ed. (1941), § 695; 38 Am.Jur. Negligence, § 238; and 65A C.J.S. Negligence § 158. Nor should there be any doubt as to the rule's applicability in particular to the automobile passenger-driver *inter se* situation; for as stated in 1 Blashfield (2nd Ed., 1965), Chapter 62, "Imputed Contributory Negligence,"

"It is only when third parties are affected that the negligence of one coadventurer may be imputed to another. It has no applicability in an action concerning joint adventurers inter se."

"Although an occupant of an automobile may have such joint control over the vehicle as would ordinarily cause the negligence of the driver to be imputed to the occupant, so as to preclude recovery against a third person whose negligence concurred in causing the accident, the occupant will not be charged with the negligence of the driver in an action brought by him against the driver. So where a bailee of a vehicle is a passenger therein and permits another to drive it, he is not barred from recovering against the driver by reason of the fact that as bailee he had the right to control the driver, and the negligence of the driver is not imputable to the bailee."

"According to some authority, the rule that negligence of the driver of an automobile is to be imputed to the owner who is present in the automobile is not to be applied in an action between the owner and driver, but only in an action against third persons. Accordingly, action by the owner against the driver for damages is not barred on any theory of imputed negligence, and this is the case even where a statute specifically provides that

the negligence of the operator shall be imputable to the owner for all purposes of civil damages."

"Where action is brought by the master or principal against the driver, the driver's negligence is not imputed to the owner or principal merely because of his presence in the automobile at the time of the accident."

1 Blashfield (2d), § 62.8, p. 458, § 62.23, p. 473, § 62.24, pp. 480–481, and § 62.33, p. 512, respectively. See also Prosser on Torts (3rd Ed., 1964), pp. 493–494, "Passenger v. Driver," and 65A C.J.S. Negligence § 168(5), pp. 221–222, § 168(7), p. 225, and § 168(16), p. 255.

Though there appears to be no case by this Court directly in point, an abundance of decisional authority from other jurisdictions amply supports the cited hornbook rule. O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 62 A.L.R. 436 (1928), and Annotation (Part IV) following; Campbell v. Campbell, 104 Vt. 468, 162 A. 379, 85 A.L.R. 626 (1932), and Annotation (Part IV) following; McCombs v. Ellsberry, 337 Mo. 491, 85 S.W.2d 135 (1935); Dorris v. Stevens' Adm'r, 266 Ky. 602, 99 S.W.2d 755 (1936); Smith v. Clute, 277 N.Y. 407, 14 N.E.2d 455 (1938) (construing Montana law); LeSage v. Pryor, 137 Tex. 455, 154 S.W.2d 446 (Commission, 1941); Klas v. Fenske, 248 Wis. 534, 22 N.W.2d 596 (1946); Smith v. Williams, 180 Or. 626, 178 P.2d 710, 173 A.L.R. 1220 (1947); Prauss v. Adamski, 195 Or. 1, 244 P.2d 598 (1952); Bostrom v. Jennings, 326 Mich. 146, 40 N.W.2d 97 (1949) (construing Illinois law, and overruling prior inconsistent Michigan authority); Rollison v. Hicks, 233 N.C. 99, 63 S.E.2d 190 (1951); Tobin v. Hoffman, 202 Md. 382, 96 A.2d 597 (1953); and Archie v. Yates, 205 Tenn. 29, 325 S.W.2d 519 (1959). In fact, the rule is apparently so well established that even statutes expressly imputing a driver's negligence to the owner-passenger have been held restricted to the third-party context, inapplicable to driver-passenger *inter se* litigation: Bush v. Oliver, 86 Idaho 380, 386 P. 2d 967 (1963); Mason v. Russell, 158 Cal. App.2d 391, 322 P.2d 486 (1958); Urquhart v. McEvoy, 204 Misc. 426, 126 N.Y.S.2d 539 (1953).

We have examined the cases relied on by Defendant, but find that the instances therein of drivers' negligence being imputed to passengers or owners were in cases wherein a *third* party was suing or being sued, as opposed to passenger-driver *inter se* litigation. The case of Ries v. Cartwright, Okl., 297 P.2d 367 (1956) comes perhaps closest to Defendant's position, but there too, upon close reading, it appears that the plaintiff-passenger was suing a *third* party (albeit also a co-passenger), and *not* the driver. That *Ries* was not a passenger-driver *inter se* lawsuit was even emphasized in the concluding sentence to that portion of the opinion, at page 370:

"It should, however, be pointed out that other rules are applicable in an action against *only Keim* [the driver] by either Cartwright or Ries." (Emphasis added).

In concluding, as we do, that it was error for the trial court to instruct the jury that they could, on the basis of agency or joint enterprise between the parties, impute to Plaintiff as contributory negligence on his own part any negligent act or omission committed by Defendant, we do not hold or intimate that a passenger *cannot* be guilty of contributory negligence in an action against a driver; we merely hold that such contributory negligence, if any, must flow from the passenger's *own* act or omission, Rader v. Fleming, Okl., 429 P.2d 750 (1967), and not from a *driver's* negligence being imputed back to the passenger on some misapplied basis of agency or joint venture.

■ Having found the challenged instruction herein to be erroneous, we now also find it to be prejudicial. The instruction to return a verdict for Defendant if the jury found that the trip was "for the benefit of" Plaintiff was the practical equivalent of an instructed verdict for Defendant, and constituted prejudicial error. There was no dispute but that the purpose

of the trip was for Plaintiff's business. The misdirection of a critical rule of law regarding the relationship between the parties, and the effect flowing therefrom, is misleading. Where there is a serious misdirection in an erroneous instruction which probably misleads the jury to the complaining party's prejudice, prejudicial error results. Woolfolk v. Semrod, Okl., 351 P.2d 742, 744 (1960); Lewallen v. Cardwell, Okl., 325 P.2d 1074 (1958); Bacon v. Wass, 200 Okl. 581, 198 P.2d 423 (1948). We cannot say that a consideration of the instructions as a whole removes the probability that the jury was misled, or that the complaining party's rights were not prejudiced by the erroneous instruction. The judgment is reversed.

Our conclusion renders consideration of the remaining allegations of error unnecessary.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.