[No. 26043-0-I.   Division One.   July 22, 1991.]

RICHARD DUFFY, ET AL, *Appellants,* v. PIAZZA CONSTRUCTION, INC., *Respondent.*

*Robert Keolker* and *Koelker & Swerk,* for appellants.

*Joseph J. Straus* and *Barokas & Martin,* for respondent.

COLEMAN, J. — Richard and James Duffy appeal the trial court's order granting summary judgment in favor of Piazza Construction and dismissing their complaint, arguing that under the circumstances of this case, an action for negligence of one joint venturer against the other should be allowed. We affirm.

On July 5, 1983, brothers Richard and James Duffy signed a letter of agreement with John Piazza, president of Piazza Construction, Inc., regarding a United States Forest Service request for proposals for office facilities in Sedro Woolley, Washington. The letter stated as follows:

(1) It is agreed between the parties that Richard and James Duffy, et al, shall joint venture with John J. Piazza in submitting a proposal for office space upon the following terms and conditions:

(A) Mr. Piazza shall supply all necessary drawings, building specifications and necessary cost items to prepare a proposal for said Office Building.

(B) James and Richard Duffy, et al, shall make available the Land for said proposal.

(C) Each Joint Venture Partner shall contribute at his cost the above mentioned items and shall be allocated a partnership percentage of Ownership and a return on said Ownership based on the fair market value of each contribution.

The letter of agreement outlined two proposals that the parties intended to submit. Additionally, the letter stated that "[a]ll parties agree to work for the acceptance of one of these proposals and the final offering shall be agreed to by all parties before final submission."

The bid specifications provided by the Forest Service in its original solicitation for offers indicated that proposals should include at least 15,500 square feet of net usable

office space. Piazza's first two proposals both contained plans that provided 15,645 square feet of net usable office space. Its final proposal, however, included only 15,000 square feet of net usable office space. Piazza reduced the amount of net usable office space in its final proposal based upon a diagram of a suggested floor plan provided by the Forest Service.

On July 13, 1984, the Forest Service informed Piazza that another bidder's offer had been accepted. Piazza's bid had been rejected as nonresponsive because its proposal did not meet the minimum square footage requirement.

The Duffys filed a complaint against Piazza, apparently alleging that Piazza was negligent in the preparation of its bid and that it was liable to them for the lost profits that they had expected.[1] On March 12, 1990, Piazza filed a motion for summary judgment. In its memorandum in support of the motion, Piazza argued that a joint venture partner may not maintain an action for negligence against another joint venture partner when the alleged negligence (1) was committed within the scope of the joint venture business, (2) was not the result of bad faith, and (3) did not result in physical injury to person or property. Piazza's motion was granted, and the Duffys' complaint against Piazza was dismissed. This appeal followed.

The sole issue on appeal is whether the trial court erred when it granted summary judgment in favor of Piazza and dismissed the Duffys' complaint with prejudice.

■ The relationship between joint venturers is like that of partners in a partnership. *Rains v. Walby*, 13 Wn. App. 712, 720, 537 P.2d 833 (1975), *review denied*, 86 Wn.2d 1009 (1976); *Barrington v. Murry*, 35 Wn.2d 744, 752, 215 P.2d 433 (1950). The associations are so similar that their rights, duties, and liabilities generally are subject to the same rules. *Rains*, at 720; *Barrington*, at 752. Each participant in a joint venture has a duty of good faith, fairness, candid disclosure, and honesty. *Rains*, at 717. Generally, there is no liability of one partner to another

---

[1]The record does not include a copy of the complaint.

for negligence in the management of a joint venture. *Ferguson v. Williams*, 670 S.W.2d 327 (Tex. Ct. App. 1984); *see also* 48A C.J.S. *Joint Ventures* § 25 (1981). An action for negligence may lie between partners or joint venturers when the negligence results in injury to the person or property of the one seeking to recover damages. *O'Brien v. Woldson*, 149 Wash. 192, 195, 270 P. 304, 62 A.L.R. 436 (1928).

The only case discovered that is directly on point is *Ferguson v. Williams, supra*. Williams had invested in a joint venture with Ferguson and Welborn. When the enterprise failed, Williams sued to recover the funds he had invested, arguing that the venture was an investment contract or sale of a security subject to the security act and that the defendants were negligent in the management of the venture. The trial court agreed that the venture was an investment contract and thus a security and that the defendants were negligent in the management of the venture. Therefore, the trial court awarded Williams all of the funds he had invested in the venture.

█ The Texas Court of Appeals reversed. The appellate court found that the relationship between the parties was a joint venture. Therefore, even though the defendants had been negligent in the management of the venture, Williams had no right of action against them.

> [W]e hold as a matter of law that negligence in the management of the affairs of a general partnership or joint venture does not create any right of action against that partner by other members of the partnership. It is only when there is a breach of trust, such as when one partner or joint venturer holds property or assets belonging to the partnership or venture, and converts such to his own use, would such action lie. In the ordinary management and operation of a general partnership or joint venture there is no liability to the other partners or joint venturers for the negligence in the management or operation of the affairs of the enterprise[.]

*Ferguson*, at 331.

The holding in *Ferguson* appears to be consistent with the few other authorities on the subject. *See Kartage v.*

*Interocean S.A.*, 167 So. 2d 76 (Fla. Dist. Ct. App. 1964). Generally, a joint venturer is not liable to his associates for damages caused by his mistakes of business judgment. *See* 48A C.J.S. *Joint Ventures* § 25 (1981). He may be liable for his negligence, however, if it causes injury to the person or property of the other joint venturer or if the venture calls for him to exercise a particular or extraordinary degree of diligence and skill. 48A C.J.S. *Joint Ventures* § 25 (1981).

The Duffys do not allege that Piazza breached its duty of good faith or that its negligence resulted in physical injury to the Duffys or their property.[2] Therefore, although Piazza may have been negligent when it submitted a bid that included less than the required amount of net usable office space, the trial court correctly granted summary judgment in favor of Piazza and dismissed the Duffys' complaint.

The decision of the trial court is affirmed.

PEKELIS and BAKER, JJ., concur.

---

[2]The Duffys argue that the trial court erroneously applied the business judgment rule, relying upon *Shinn v. Thrust IV, Inc.*, 56 Wn. App. 827, 833, 786 P.2d 285, *review denied*, 114 Wn.2d 1023 (1990). We agree with the trial court that *Shinn* is not controlling.