## Stevens' Administrator v. Watt et al.
## Head's Administrator v. Same.
(Decided Dec. 15, 1936.)

VERT C. FRASER for appellants.

WITHERS & LISMAN and DAVIS, BOEHL, VISER & MARCUS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

A motion to consolidate these two cases has been sustained, and they will be disposed of in one opinion.

Alpha Head and Ocie Stevens were killed in an automobile accident near Providence, Ky., when the automobile in which they were riding ran into the rear of a truck parked on the side of the highway. The accident happened about 3 a. m. June 16, 1935. The automobile was a Ford coupe, and was owned and driven by Mrs. Fannie Dorris, who, accompanied by the two young women, had left Providence about 7 p. m. on the previous evening and had driven to a roadhouse located on highway 41, several miles north of Madisonville. They were returning to their homes when the accident occurred. An administrator of the estate of each dece-

dent was appointed, and each administrator instituted an action against Fannie Dorris, C. P. Watt, and Alfred Watt, for damages for the death of his decedent. C. P. Watt and Alfred Watt were partners and owned the truck. It was alleged in each case that the death of the decedent was caused by the concurring negligence of the defendants. The two cases were tried together, and, at the conclusion of the plaintiffs' evidence, the trial court peremptorily instructed the jury to return a verdict for the defendants C. P. Watt and Alfred Watt, and the propriety of that ruling is the sole question presented on this appeal.

The facts briefly stated are: Appellees' truck, heavily loaded, was being driven south on highway 41 when the right rear wheel came off, dropping the axle to the ground. This happened about midnight. Herman Everett, an employee of the appellees, was driving the truck and C. P. Watt, one of the owners, was riding in the cab of the truck with the driver. The truck stopped to the right of the center of the traveled portion of the road. The road was constructed of concrete 18 feet wide, and was straight for several hundred feet in each direction. Watt immediately telephoned to a garage in Madisonville for assistance, and a mechanic soon arrived at the scene of the mishap. The rear of the truck was jacked up, but it was discovered that certain parts were missing, and the wheel could not be replaced so that the truck could be operated. The mechanic left to obtain the necessary parts, but was compelled to go to Henderson, a distance of 35 or 40 miles. The truck was equipped with four red lights on the rear, and these and the headlights were left burning. Two flares were also placed on the road, one in front of and one behind the truck. Each was about 125 feet from the truck. A highway patrolman arrived on the scene soon after the truck was disabled, and made a slight change in the location of the flares. He remained on the ground until about 2:30 a. m., and after traffic on the road had practically ceased. It was conclusively shown by appellants' own witnesses that the headlights and the red lights on the rear of the truck, as well as the two flares on the road, were burning just before the accident. One headlight, at least one red light, and the two flares were burning immediately after the accident. Some of the lights on the truck were destroyed by the collision. The automobile driven by Mrs. Dorris struck the rear of the truck, knocked it off the jack, and moved

it forward 12 or 14 feet. The top of the automobile was completely crushed.

Section 2739g-48 of the Kentucky Statutes forbids the parking of an automobile upon the main traveled portion of a public highway, but the statute contains this proviso:

"Provided, however, that this section shall not apply to a vehicle which may be disabled while on such main travelled portion of the highway in such manner or to such an extent that it is impossible to avoid the occupancy of said main travelled portion or impractical to remove the same therefrom until repairs shall have been made or sufficient help obtained for its removal."

The evidence brought appellees within this exception. The truck was disabled to such an extent that it was impossible to avoid the occupancy of the highway, and it was impractical to remove it therefrom until repairs had been made. The owners of the truck not only complied with the statutory requirement to have red lights on the rear of the truck, but they adopted the additional precaution of setting out flares on the road some distance from the truck to warn travelers of the danger. It is obvious that an emergency existed such as the statute contemplates, and that the appellees did everything that an ordinarily prudent and careful person would have done under the circumstances to give warning of the obstruction.

There was some evidence that the driver learned during the trip and before the accident that the truck was out of repair, and it is argued that he should have stopped the truck as soon as he learned this fact. The defective condition of the wheel of the truck was not the proximate cause of the accident, but, at most, was a remote cause which merely gave rise to the occasion by which the accident was made possible. The negligence of the driver of the truck, if any, in continuing to drive it after learning of its defective condition, had no causal connection with the collision of the automobile driven by Mrs. Dorris and the truck. It was not the efficient procuring cause of the injury. As was said in Suter's Administrator v. Kentucky Power & Light Company, 256 Ky. 356, 76 S. W. (2d) 29, 32:

"Proximate cause is to be determined as a fact in view of the circumstances attending it. Beiser v. Cincinnati, N. O. & T. P. R. Co., 152 Ky. 522, 153

S. W. 742, 43 L. R. A. [N. S.] 1050. It is that cause which naturally leads to, and which might have been expected to have produced, the result. The connection of cause and effect must be established. And if a cause is remote, and only furnished the condition or occasion of the injury, it is not the proximate cause thereof. Logan v. Cincinnati, N. O. & T. P. R. Co., 139 Ky. 202, 129 S. W. 575. The proximate cause is a cause which would probably, according to the experience of mankind, lead to the event which happened, and remote cause is a cause which would not, according to such experience, lead to such an event. It is superfluous to say there can be no recovery on account of negligence of another which was not the proximate cause of the injury complained of. Evans' Adm'r v. Cumberland Tel. & Teleg. Co., 135 Ky. 66, 121 S. W. 959, 135 Am. St. Rep. 444.''

To the same effect are Winders' Adm'r v. Henry Bickel Co., 248 Ky. 4, 57 S. W. (2d) 1009; Gaines' Adm'x v. City of Bowling Green, 235 Ky. 800, 32 S. W. (2d) 348.

The depositions of appellee C. P. Watt and his driver, Herman Everett, were taken prior to the trial, and on the trial appellants offered to read them. The appellee objected on the ground that C. P. Watt and Herman Everett were present at the trial, and their objection was sustained. The ruling of the court as to Herman Everett was proper, since he was present to testify in person. Section 554 of the Civil Code of Practice prescribes the circumstances under which the deposition of a witness may be read, and it has been interpreted to mean that a deposition of a witness, not a party to the suit, who is present at the trial of a common-law action cannot be read as substantive evidence. Nashville, C. & St. L. Ry. Co. v. Byars, 240 Ky. 500, 42 S. W. (2d) 719; Dailey v. Lexington & Eastern Ry. Co., 180 Ky. 668, 203 S. W. 569. C. P. Watt was a party to the suit and even if the court erred in refusing to permit his deposition to be read, the error was not prejudicial, since his testimony merely corroborated the other witnesses and was wholly favorable to the defendants.

We conclude that the trial court did not err in sustaining appellees' motion for a directed verdict in their favor.

The judgment in each case is affirmed.