## Dorris v. Stevens' Administrator.

## Same v. Head's Administrator.

(Decided Dec. 15, 1936.)

HENSON & TAYLOR and CASS L. WALKER for appellant.

VERT C. FRASER for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

These two cases have been consolidated and will be disposed of in one opinion. They are companion cases to Stevens' Adm'r v. Watt (Head's Adm'r v. Watt), 266 Ky. 608, 99 S. W. (2d) 753, this day decided.

Ocie Stevens and Alpha Head were occupants of an automobile driven by appellant, Mrs. Fannie Dorris, when it ran into the rear of a truck owned by C. P. Watt and Alfred Watt, which was parked on the side of the road. The facts are stated in the opinion in Stevens' Adm'r v. Watt, supra, and will not be repeated here. J. C. Trader qualified as the administrator of the estate of Alpha Head, and A. O. Towery as

the administrator of the estate of Ocie Stevens. The administrators brought separate actions against Mrs. Fannie Dorris, C. P. Watt, and Alfred Watt, for damages for the deaths of the decedents alleged to have been caused by the concurring negligence of the defendants. The two cases were tried together, and, at the conclusion of plaintiffs' evidence, the motion of C. P. Watt and Alfred Watt for a directed verdict in their favor was sustained, and a similar motion made by Mrs. Fannie Dorris was overruled. The trial continued as to her, and the jury returned a verdict against her in favor of each of the plaintiffs for the sum of $750.

The petitions charged negligence in general terms. The appellant in her answer in each case alleged that the two decedents, Alpha Head and Ocie Stevens, induced her to make the trip to the roadhouse, and agreed that if she would take them, with her in her automobile, they would pay for the oil and gasoline, and she further alleged that she and the two decedents were engaged in a joint enterprise at the time the accident occurred. The answer also contained a plea of contributory negligence.

The chief ground urged for a reversal of the judgment is the refusal of the trial court to instruct the jury that if appellant and the two decedents were engaged in a joint enterprise at the time of the accident, then the negligence of any one of them should be imputed to each of the others, and if they so believed they should find for the defendant. In support of her contention that none of the occupants of an automobile may recover from the other where they are engaged jointly in a common enterprise because the negligence of one of such persons is imputed to each of the others, she cites Frisorger v. Shepse, 251 Mich. 121, 230 N. W. 926. The rule announced in that case, however, is entirely out of harmony with the great weight of authority. The general rule is that where the action is brought against a third party the negligence of one member of the joint enterprise will be imputed to the other. Chesapeake & Ohio Ry. Co. v. Harrell's Adm'r, 258 Ky. 650, 81 S. W. (2d) 10; Louisville & Nashville R. Co. v. Armstrong, 127 Ky. 367, 105 S. W. 473, 32 Ky. Law Rep. 252. But this rule does not apply when the action is brought by one member of the enterprise against another. Where the occupants of an automobile are jointly engaged in a common enter-

prise and one of them is injured as the result of the negligence of the owner or operator of the automobile, using it within the scope of the enterprise, the doctrine of imputed negligence is inapplicable as between the parties. In Frisorger v. Shepse, supra, cited by appellant, the occupants of an automobile were engaged in a joint enterprise. The negligence of the driver was held imputable to the deceased in an action by the administrator of the deceased against the owner of the automobile. The court made no distinction between cases in which the action was against a third party, and cases in which the action was against another member of a joint enterprise. The case relied upon by the court in announcing the rule was an action against a third party. In Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 434, 44 A. L. R. 785, after stating the applicable rule where a third party is sued by a member of a joint enterprise, the court said:

"He who in the process of a joint enterprise is engaged in operating a vehicle represents, in so doing, all who are associated with him in that enterprise, and, if he is negligent, any one of them may look to him for damages upon the same basis as that upon which a principal holds an agent liable for his negligent conduct. However it might have been, were the plaintiff suing a third party for injuries due to his negligence in concurrence with that of her husband, here, where she was charging him directly with responsibility for injuries due to his own failure in duty, there was no place for any imputation of his want of care to her, and the sole issues were those having to do with his negligence and her own contributory negligence. The doctrine of joint enterprise was wholly inapplicable to such a situation."

In O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 305, 62 A. L. R. 436, Mrs. O'Brien was injured while a passenger in an automobile being operated by Mrs. Woldson, and she brought an action against Mrs. Woldson to recover damages for her injuries. It was conceded that they were engaged in a joint enterprise at the time the accident happened. The court, holding that the negligence of the driver of the automobile could not be imputed to the plaintiff, said:

"Where the action is brought against a third party,

the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise will be imputed to the other. [Citations.] It does not necessarily follow, however, that that rule should be applied when the action is by one member of the joint enterprise as against the other. When the action is against a third person each member of the joint enterprise is a representative of the other, and the acts of one are the acts of all if they be within the scope of the enterprise. When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence. To do so would be to permit one guilty of negligence to take refuge behind his own wrong. The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person. For present purposes it is sufficiently accurate to say that the relations of joint adventures as between themselves are governed practically by the same rules that govern partners. Harm v. Boatman, 128 Wash. 202, 222 P. 478. In the case of partners, an action for damages will lie by one partner against the other for wrongs inflicted upon the person or property of the one seeking to recover.''

The rule announced in these cases is sound, and has been adopted by practically every court which has passed upon the question. A collection of the cases will be found in the annotations in 62 A. L. R. 442, and 85 A. L. R. 632. Even in an action against a third party, it must be shown that the injured person had some right to control, manage, or direct the automobile. As said in Stearns v. Lindow, 63 App. D. C. 134, 70 F. (2d) 738, 740, ''to constitute joint enterprise in such a case there must be not only joint or community interest, but also an equal right express or implied to direct and control the management and movement of the car.'' Section 491 of the American Law Institute's Restatement of the Law of Torts reads:

''Any one of several persons engaged in an enterprise is barred from recovery against a negligent defendant by the contributory negligence of any other of them if the enterprise is so far joint that each member of the group is responsible to third

persons injured by the negligence of a fellow member.''

In the comment on this section it is said:

"This Section states only the rule which determines whether a plaintiff is barred from recovery against a negligent defendant by the contributory negligence of a third person with whom he is engaged in a joint enterprise. If the plaintiff is injured by the negligence of a defendant with whom he is engaged in a joint enterprise, the fact that they are so engaged does not bar his recovery.''

When the evidence is considered in the most favorable light to appellant, it does not appear that the decedents had any right to a voice in the control or management of the automobile. It follows that the trial court did not err in refusing to instruct the jury that the negligence of appellant was imputable to decedents, if they believed that the occupants of the automobile were engaged in a joint enterprise.

The court instructed the jury that it was the duty of appellant, at the time and place mentioned, to drive her car in a careful manner, having due regard for the safety of the other persons occupying the car, and to drive it at a rate of speed that was reasonable and proper under the circumstances, and "to keep a lookout ahead for such hazards and dangers that might be reasonably incident to travel upon the highway, and to exercise such care and caution as would be exercised by a reasonably careful and prudent person under the same or similar circumstances to avoid driving her car against the truck parked upon the highway at that place." Appellant criticizes this instruction because, as she claims, there was no evidence that she was driving at an unreasonable rate of speed, and, further, because the instruction required her to keep a lookout for this particular truck. The physical facts tended to show that the automobile was being driven at an excessive rate of speed when the accident happened. The latter part of the instruction is not susceptible to the construction placed upon it by appellant. It merely required her to keep a lookout for obstructions on the highway, which was a duty she owed to the other occupants of the automobile. The court also gave an instruction on contributory negligence, which reads:

608

"The Court further instructs the jury that it was the duty of plaintiff's decedent, Alpha Head, on the occasion in question, to exercise ordinary care for her own safety, and if the jury shall find from the evidence that the said Alpha Head, at the time was riding, either as a passenger or as an invited guest, in the automobile of defendant, Mrs. Fannie Dorris, and the jury shall find from the evidence that the said Alpha Head, saw, or, by the exercise of ordinary care, could have seen the truck on said road, or the light thereon, if any there was, or the burning flares behind said truck, if any there were, in time to have warned the defendant, Mrs. Fannie Dorris, the driver of said automobile, of the presence of said truck in time to have averted the collision of her automobile therewith, it was the duty of said Alpha Head to so do; and if she failed to perform such duty, and such failure helped to bring about the injury from which she died, and but for which it would not have occurred, your verdict should be for the defendant, Mrs. Fannie Dorris."

A similar instruction was given in the Stevens Case.

Appellant complains of these instructions because they did not impose a similar duty upon the decedents, if they and appellant were engaged in a joint enterprise or pleasure trip. The clerk's transcript of the record shows that these instructions were offered by the appellant, and, this being true, she cannot complain; but, were the facts otherwise, the instructions were not erroneous, since they cannot reasonably be construed as limiting the duty of the decedents in the manner claimed by appellant. It is extremely doubtful that the evidence authorized an instruction on contributory negligence, but, in any event, appellant obtained all that she was entitled to in this respect.

The judgment in each case is affirmed.