WRIGHT v. KINSLOW et al. (two cases).

Court of Appeals of Kentucky.

Feb. 5, 1954.

Richard L. Garnett, Glasgow, for appellants.

Terry L. Hatchett, Marion Vance, Glasgow, for appellees.

WADDILL, Commissioner.

In these actions which were consolidated for trial, Ralph Wright and Norman Wright prosecute this appeal from a judgment dismissing their petitions against William Kinslow and James Kinslow. The judgment also dismissed appellees' counterclaim against appellants.

This controversy arose out of the collision on the night of September 6, 1950, of an automobile operated by Ralph Wright with a truck driven by William Kinslow on U. S. Highway 68 near Glasgow, Kentucky. The facts of this case are in controversy but will not be stated in detail in this opinion. However, it is not disputed that it was dark at the time of the accident; that William Kinslow had backed his truck from a private lane onto the public highway; and that Ralph Wright was driving his car at a speed in excess of 35 miles per hour when it collided with the rear of Kinslow's truck.

Ralph Wright's car was wrecked and Norman Wright, his passenger, was seriously injured. Evidently Ralph Wright had insurance which paid part of the damage to his automobile and which compensated his brother, in part, for his medical and hospital expenses. Appellants contend that the case must be reversed because the court allowed the fact that appellants had insurance to be brought to the jury's attention, and because the court overruled appellants' motion to discharge the jury.

On cross-examination of appellant Norman Wright, the following statements were made:

"80. Now, you say your hospital bill and so on is $700? A. Yes.

"81. Have you paid that? A. It has been paid.

"82. You know who paid it?

"The Court: He don't know.

"83. Who paid it? If you know, tell us. A. Insurance paid it.

"84. Who? A. Insurance paid it.

"85. Whose insurance? A. Reckon on the car.

"86. Whose car? A. One I got hurt in.

"87. Your brother? A. Yes.

"88. How much did they pay, all of it? A. I suppose.

"89. Pay you anything? A. No sir.

"90. Billy Kinslow never paid any part of that bill, did he? A. No. He never did even come to see me, see how I was.

"Came Counsel for Plaintiff and moved to discharge the jury, which motion was overruled by the Court, to which ruling of the Court, Counsel for Plaintiff objects and excepts."

In his cross-examination of Dr. C. G. Bowman, who treated Norman Wright for injury to his teeth suffered in the collision, appellees' counsel asked the following questions:

"7. Who paid the bill, Doctor? (Objection by plaintiff sustained.)

"8. The bill has been paid to you? A. That's right.

"9. And somebody paid it not being the Wrights, is that correct?" Counsel for Plaintiff objected to the foregoing question, and which objection was sustained by the Court, to which ruling, Counsel for Defendant objects and excepts.

"10. Don't tell who paid it, but somebody paid the doctor bill they owed you and it wasn't them?" Objection by Plaintiff.

"11. Is that correct?

"The Court: He said it had been paid, that's correct."

And again in the cross-examination of Dr. George Whiteside, the following colloquy took place:

"21. Doctor, have you been paid your bill? A. I have been paid all except one part of it that I forgot to put in a bill for.

"22. Now then, somebody paid you? A. Somebody has paid me, I am sure.

"23. Other than the Wrights?" Objection by Plaintiff. A. I don't know who has paid.

"24. Don't tell who it was, but it was somebody? A. I can't tell.

"The Court: Say you have been paid, is that correct? Witness: Yes.

"25. And the Wrights didn't pay you?" Objection by Plaintiff.

▋ The fact that appellants were partially indemnified by insurance had no bearing on, and was not relevant to, any issue in the case. This Court has held that an attempt "to give the case an 'insurance' coating, and to sprinkle it with an 'insurance', perfume" constitutes reversible error. Turpin v. Scrivner, 297 Ky. 365, 178 S.W. 2d 971, 974; Nickell v. Stewart, 291 Ky. 4, 163 S.W.2d 39; Stott v. Hinkle, 286 Ky. 143, 150 S.W.2d 655; and Star Furniture Co. v. Holland, 273 Ky. 617, 117 S.W.2d 603.

Although the usual situation is that in which the plaintiff attempts to let the jury know that the defendant is covered by liability insurance—knowledge of which fact is highly prejudicial—we think it is equally prejudicial to a plaintiff's case to inform the jury that the plaintiff was insured to some extent against the very damage he has suffered through the fault of the defendant.

▋ Appellants also urge that this case be reversed on the ground that the court erroneously instructed the jury that neither of the appellants could recover against William Kinslow if Ralph Wright was guilty of contributory negligence. The instruction complained of is as follows:

"If the jury shall believe from the evidence that the driver of plaintiffs car and the driver of defendant's truck were both negligent, and that but for the joint and concurrent negligence of

both drivers the collision and resulting damages would not and could not have occurred, then you may find for neither plaintiff nor defendant, and so state in your verdict."

Norman Wright offered an instruction presenting his theory of the case, to the effect that the negligence of Ralph Wright, if any, was not to be considered as the negligence of Norman Wright, which was refused by the court.

It was clearly erroneous to allow the negligence of Ralph Wright to be imputed to his passenger, Norman Wright, in the absence of evidence to the effect that some legal relationship existed between the driver and the passenger which would make the passenger responsible for the negligent acts of the driver. Cox's Adm'r v. Cincinnati, N. O. & T. P. Ry. Co., 238 Ky. 312, 37 S.W.2d 859.

█ When all the occupants of an automobile are engaged in a "joint adventure" or "joint enterprise," this Court has held that the negligence of one is the negligence of all, but in order to constitute a joint enterprise there must be an equal right, express or implied, among all occupants of the car, to direct and control its operation. Dorris v. Stevens' Adm'r, 266 Ky. 602, 99 S.W.2d 755.

In the case at bar the driver, Ralph Wright, was the owner of the automobile, and there was no evidence of shared expenses or of any other fact sufficient to support a finding that the appellants were engaged in a "joint enterprise."

█ Appellants also contend that the court erred in submitting to the jury the question as to what was the statutory speed limit on the section of the road where the accident occurred, under the following instruction:

"* * * D. To operate his automobile at a rate of speed that was reasonable and proper, having regard to the traffic conditions and the use of the highway at the time and place, and if you believe from the evidence that the place where said accident occurred was a business district as hereinafter defined, then not to operate his automobile at a speed greater than 35 miles per hour, unless you believe that at the time and place, a speed in excess of 35 miles per hour was not unreasonable.

"The term business district as used herein, means the territory contiguous to and including a highway, when within any 600 feet along said highway there are buildings in use for business or industrial purposes which occupy 300 feet frontage on one side or 300 feet collectively on both sides."

We have held that the determination of what is a business district, within the meaning of KRS 189.390, is a question of law for the court to decide. Bowling Green-Hopkinsville Bus Co. v. Adams, Ky., 261 S.W.2d 14. What constitutes "frontage" is not a question of fact. There were photographs and a map introduced in evidence which in our view are conclusive of the question. The court could not have found, under the evidence, that the scene of the collision was in a business district, and it was error to permit the jury to do so.

In the event of a retrial of the cases and in the event the evidence is substantially the same, the court will not submit the cases to the jury against James Kinslow, as there was no basis upon which to predicate liability against him.

For the foregoing reasons the judgment is reversed with directions to grant appellants a new trial.