**Elmer DUNAWAY, Appellant,**

v.

**Polly DARNELL, Appellee.**

Court of Appeals of Kentucky.

May 10, 1957.

**123**

J. W. Knippenberg, Lexington, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

Fox, Wood & Wood, Andrew V. Fox, Maysville, for appellee.

CAMMACK, Judge.

Polly Darnell was driving from Maysville to Paris early in the evening of February 4, 1955, when her car collided with a station wagon driven by Elmer Dunaway. She brought this action to recover for personal injuries, medical expenses, damage to her car and lost wages. The jury returned a verdict in her favor for $5,000, and Dunaway has appealed. The sum of $1,702.09 was allowed for personal injuries.

The question to be decided is whether the jury was prejudiced by mention of Dunaway's insurance coverage during the course of the trial. At the outset, by appropriate motion, Mrs. Darnell's collision insurance carrier was made a party plaintiff and required to assert its claim. Her insurance carrier was a proper party, and reference by counsel to its claim to part of any recovery by Mrs. Darnell was correct. Louisville & N. R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707.

During the examination of Mrs. Darnell, her counsel asked her who was at fault. Her reply was: "Botkins (the owner of the station wagon driven by Dunaway) said that he was covered with insurance if there was any damage." A motion to strike the answer as being unresponsive was made immediately and was sustained by the trial judge, who admonished the jury to disregard the answer. This seems to be a clear example of a witness unintentionally giving prejudicial testimony. There is nothing here to indicate a deliberate attempt on the part of counsel to inform the jury that Dunaway was protected by insurance. Under the circumstances, and taking into consideration the judge's admonition, we cannot say that on this point Dunaway was prejudiced.

Later in the trial, however, Mrs. Darnell's counsel brought up the question

of insurance coverage himself. He was cross-examining Dunaway, and in attempting to lay a foundation for attacking Dunaway's credibility, by showing a prior inconsistent statement, he asked: "On the 16th day of March, 1955, do you remember making and signing a statement for your insurance company?" An objection was made and sustained by the trial judge, but the jury was not admonished. In support of the propriety of the question, the argument is advanced that counsel was required by CR 43.08 to identify the person to whom the alleged contradictory statement was made. It was necessary to acquaint the witness with sufficient details of the time, place, and person to whom the statement was made so that he could recall and explain it. Where there is risk of bringing prejudicial matter before the jury, however, counsel should phrase his questions most carefully. In this instance, the name of the agent would have been sufficient; there was no necessity to inject his occupation into the question. Even though innocently or inadvertently asked, the question was improper. There was no legal excuse for the injection of the insurance issue, and reference to it constituted reversible error. Star Furniture Co. v. Holland, 273 Ky. 617, 117 S.W.2d 603.

■ A further aspect of the trial demands brief comment. In the course of answering a question propounded by one of the jurors, the trial judge referred at some length to the injection of insurance during the trial by counsel for both parties. This was improper, and called attention to, rather than de-emphasized, the fact that Dunaway was protected by insurance. No doubt such remarks will not be repeated in the event of another trial.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.