James Leslie **MAYER** et al.

v.

Wilford **DICKERSON** et al.

Court of Appeals of Kentucky.

Feb. 13, 1959.

Robbins & Cross, Mayfield, for appellants.

Raymond Dycus, Smithland, for appellees.

SIMS, Judge.

This motion for an appeal arises out of an automobile accident involving the car of plaintiffs, James Leslie Mayer and wife, Mary, and a car owned by defendants, Wilford Dickerson and wife, Vivian. The complaint avers that by reason of the negligence of Wilford Dickerson the car of the Mayers was caused to upset, resulting in their property damage in the sum of $514.95 and loss of time from work and loss of the use of their car, $210, or a total of $724.95. No one was injured in the accident. A jury trial resulted in a verdict in favor of defendants and the complaint was dismissed.

In seeking to reverse the judgment, plaintiffs insist the court erred: (1) In overruling plaintiffs' motion to have defendants' insurance carrier made a party defendant; (2) in instructing the jury; (3) in violating KRS 29.301 in sending the jury to view the scene of the accident.

There is practically no conflict in the evidence as to how the accident happened and we will give but a scant statement of the facts. About 6 o'clock on the morning of March 20, 1956, Mayer and wife (he driving) were proceeding at the rate of 50 or 55 miles per hour on Highway 60 in the direction of Burna in Livingston County. The morning was clear and the road was straight and practically level at the place of the accident. The Dickerson car was approaching the Mayer car at a speed of about 20 miles per hour with Mr. Dicker-

son driving. There had been a heavy frost the night before and the windshield of the Dickerson car was "clouded up," limiting Dickerson's visibility to 150 or 200 feet. The Dickersons live some half mile from Doyle's Store, which was their destination. Mr. Dickerson testified as he approached the store he looked both ways and did not see anybody, and without giving any signal he pulled across the road to his left. About that time he heard brakes squeal. He parked his car about 20 or 25 feet off the road and got out as Mayer's car was just turning over in the ditch.

The court instructed the jury that Dickerson was negligent as a matter of law and submitted the case on Mayer's contributory negligence.

Mayer testified that without giving any signal Dickerson turned directly across the road to the left some 100 feet away from him; that he put on his brakes so hard he skidded his wheels, but saw he could not stop in time to prevent hitting the Dickerson car broadside and he pulled to the left and his car slid off the road and turned over in a roadside ditch; that he could not go to the right of the Dickerson car on account of the gasoline pumps in front of the store.

Highway Trooper, William Taber, was at the scene thirty minutes after the accident happened and testified he saw heavy skid marks 72 feet in length on Mayer's side of the road and "slide marks for 96 feet diagonally to the left that went off the hardtop across the shoulder to where Mayer's car turned over."

The Mayers had collision insurance with the American Hardware Mutual Insurance Company. The policy carried a subrogation clause and defendants moved that the company be named as a party plaintiff, which motion was sustained as under Louisville & N. R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707, the company was a real party in interest to the extent of $265, the sum it paid the Mayers.

Plaintiffs insist that as their insurance carrier was forced to become a party plaintiff to the action, justice demands their motion to make defendants' insurance carrier a party defendant should have been sustained. Plaintiffs overlook the fact that their policy is what is generally known as "collision" insurance, while defendants' policy covers what is known as "liability" insurance. Plaintiffs' insurance carrier had incurred liability and paid same, while defendants' insurance carrier would incur no liability until a judgment was rendered against them; therefore, it was not a real party in interest.

In Dunaway v. Darnell, Ky., 302 S.W.2d 122, we held it was reversible error for reference to be made during the trial to defendant's liability insurance, although plaintiff's collision insurance carrier was required to become a party plaintiff. Plaintiffs rely upon Wright v. Kinslow, Ky., 264 S.W.2d 673, 675, as supporting their position. But that opinion recites, "The fact that appellants were partially indemnified by insurance had no bearing on, and was not relevant to, any issue in the case." The Wright opinion does not show Wright's policy had a subrogation clause in it, the insurance company was not made a party plaintiff, and it was erroneous for the court to permit any reference to defendants' insurance.

Plaintiffs' objection to the instructions gave reasons therefor. They complain that in the first instruction the court defined a "residential district" in terms of KRS 189.390(8) (b), and in the third instruction told the jury the duty upon Mayer was to operate his car at a reasonable rate of speed, not to exceed 60 miles per hour, but if the jury believed from the evidence that the place where such accident occurred "was within a residential district as described in Instruction I," then it was Mayer's duty not to exceed 35 miles per hour.

We said in Bowling Green-Hopkinsville Bus Co. v. Adams, Ky., 261 S.W.2d 14, at

page 17, the question of whether or not the area involved was a residential district was a question of law for the court and not one of fact for the jury. Wright v. Kinslow, Ky., 264 S.W.2d 673, at page 676, cites and follows the Adams case. If this particular section of the road is a residential district, the submission of the question to the jury would not be prejudicial. When we apply the provisions of KRS 189.390(8) (b) to the facts in the record, we see that this is not a residential district unless the "property on such highway for a distance of three hundred feet or more is in the main improved with residences or residences and buildings in use for business."

We describe the district near the scene of the accident. There is but one store (Doyle's). Two hundred feet north of Doyle's is a dwelling, then the store, then a parking lot fronting 40 or 50 feet on the highway, then a garage 100 or 150 feet south of the parking lot, then a gravel road and an open field with a farm house down this road and back from it. On the side of the road across from the store and 30 feet north of it is a dwelling. There is nothing directly opposite the store and then continuing south there are a couple of dwellings, then a road, and south of the road are three more dwellings. There are no signs on the highway of this being a speed zone.

We must say as a matter of law this does not constitute a residential district within the meaning of the statute, as it is not unusual to find a collection of several houses on any highway in as close proximity as the houses near where this accident happened. Therefore, it was prejudicial error for the court to submit this question to the jury.

Counsel for plaintiffs in their brief strenuously insist that in this opinion we say just when an area falls within a residential district as defined in the statute. It is argued that as we have written when such a district does not fall within the definition of the statute, we should fix a rule determining when it does. This we specifically refused to do on page 18 of the Adams opinion, and we again refuse now, because each case stands on its own peculiar facts and we do not think it practical to adopt any hard and fast rule for determining when any particular area falls within the statute.

■ Further complaint is made of the third instruction in that it told the jury in effect if the driver of plaintiffs' car saw, or by the exercise of ordinary care could have seen, the peril of defendants' car, it was his duty to use the means at hand to avoid the accident; and if he failed so to do, then the jury should find for defendants. This instruction is predicated upon Mayer's contributory negligence in not avoiding the accident after Dickerson pulled across the road in front of him. But it was erroneously given, because the facts as above stated show that Mayer used all means at hand to avoid the accident.

■ Plaintiffs' objection to the instruction on the measure of damages is well taken in that the court told the jury it could find for them $75 on the item for the loss of the use of the car without saying that the measure of damages is the fair market rental value of such a car as that owned by plaintiffs and used in their business.

Lastly, plaintiffs complain of the court sending the jury to the scene of the accident without designating some person to point out to the jury the place of the accident, as is provided in KRS 29.301. As there will be another trial of the case and as this question will likely not arise again, we will not take time and space to discuss it.

Motion for an appeal is granted and the judgment is reversed for proceedings consistent with this opinion.