**Dennis KIRBY, Appellant,**

v.

**Vella Mae Hodge KIRBY, Appellee.**

Court of Appeals of Kentucky.

March 15, 1968.

William A. Hamm, Hamm, Taylor & Milby, London, for appellant.

Roy E. Tooms, Brown, Tooms & Helton, London, for appellee.

A. MURRAY BEARD, Special Commissioner.

Appellant, Dennis Kirby, (plaintiff below), was the owner of and a passenger in an automobile being operated by appellee Vella Mae Kirby, (defendant below), with appellant's permission when the vehicle wrecked. Appellant sued to recover damages against appellee for her alleged negligent operation of the vehicle. Appellee is a daughter-in-law of appellant. The purpose of the trip was to return appellant's wife from a hospital to her home.

The trial court entered summary judgment for appellee. No indication of the court's reason for dismissing the complaint is given, nor was it necessary, under the Rules of Civil Procedure. However, it appears from briefs filed by counsel, appellant's action in the lower court was dis-

missed upon the theory of imputed negligence.

Appellee contends that the "owner of an automobile driven by an operator with owner's express or implied consent cannot sue the operator for negligence and in such action operator's negligence will be imputed to the owner."

Apparently the lower court based its judgment on the foregoing fallacious premise.

Assuming appellant and appellee were, at the time, on a joint venture, *which they were not,* or that appellee, being sui juris, was the agent of appellant, the suit was not against a third person to the relation but between the parties themselves; hence, appellee's negligence should not be imputed to appellant. Dorris v. Stevens' Adm'r, 266 Ky. 602, 99 S.W.2d 755; Greenwell's Adm'r v. Burba, 298 Ky. 255, 182 S.W.2d 436.

The case of Borders v. Borders, Ky., 376 S.W.2d 519, was an action by a passenger in an automobile against an owner, where the claim of imputed negligence was advanced and rejected. This court stated:

> "The appellants argue that Johnnie was Mearlene's agent and therefore his negligence should be imputed to her so as to bar a recovery. There is no merit in that argument (even assuming that there could be considered to have been an agency relationship in the family courtesy trip) because the doctrine of imputation of negligence *from agent to principal* applies only as concerns the principal's liability to, or right to recover from, a *third person*—not as concerns the liability of the agent *to* the principal."

It follows there is no merit to the claim appellee's negligence, if any, in this case should be imputed to appellant. Blashfield Automobile Law and Practice, 3rd Edition, Vol. 6, pp. 4 and 5:

> "So also, the owner of an automobile driven by an operator with the owner's

express or implied consent may sue the operator for negligence in the operation of the automobile and in such an action the operator's negligence will not be imputed to the owner."

The lower court committed error in sustaining appellee's motion for summary judgment and dismissing the complaint.

Judgment reversed, with directions that a new trial be granted.

All concur.