**Walter BROWN, Appellant,**

**v.**

**Charles Ronald SOHN, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1970.

Edwin Cohen, Cohen & Cohen, Louisville, for appellant.

Albert F. Reutlinger, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellee.

CULLEN, Commissioner.

In Walter Brown's action against Charles R. Sohn for damages for personal injuries sustained in an accident involving an automobile driven by Sohn with Brown as a passenger, the trial court entered a summary judgment dismissing Brown's claim. Brown has appealed.

The automobile had been borrowed by Brown and for the purposes of this case may be considered as belonging to him. At the time of the accident Sohn was driving, his request for permission to do so having been granted by Brown. The two men were returning from a party which they had attended.

The theory of the trial court was that the parties were engaged in a joint venture and therefore any negligence of Sohn would be imputable to Brown so as to bar a recovery by Brown against Sohn. The theory is erroneous because the doctrine of imputed negligence is not applicable in an action by one of the joint adventurers *against the other*. See Kirby v. Kirby, Ky.,

425 S.W.2d 561; Borders v. Borders, Ky., 376 S.W.2d 519. The appellee argues that the doctrine applies where the plaintiff had the right to direct and control the operation of the automobile. The argument is without merit because the right to direct and control could at the most make the plaintiff a principal and the defendant his agent, and under the specific holdings in *Kirby* and *Borders* the doctrine of imputation of negligence does not apply as concerns the liability of an agent *to* his principal.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

All concur.