Jesse Lynn **HUFF** et al., Appellants,

v.

Celia **ROSENBERG** et al., Appellees.

Jesse Lynn **HUFF** et al., Appellants,

v.

Leonard **MITZMAN**, Appellee.

Court of Appeals of Kentucky.

June 15, 1973.

William G. Reed, Carrollton, for appellants.

Alan N. Leibson, J. Leonard Rosenberg, Louisville, for appellees.

STEPHENSON, Justice.

A Gallatin Circuit Court jury awarded Celia Rosenberg, Ethel Mitzman, and Leonard Mitzman a verdict against Jesse Lynn Huff, James Huff and Gertrude Huff for damages resulting from an automobile collision. The trial court granted a new trial to Celia Rosenberg and Ethel Mitzman, on the ground of inadequacy of damages, and entered judgment for Leonard Mitzman. That judgment was made final under CR 54.02 and James and Gertrude Huff appealed. (Jesse Lynn Huff is listed as an appellant; however, he admitted liability on the trial of the case and no argument is presented in his behalf to avoid liability.)

The second trial of the case resulted in a jury verdict in favor of Celia Rosenberg and Ethel Mitzman against Jesse, James, and Gertrude Huff. The Huffs appeal also from the judgment on that verdict.

An automobile driven by Jesse Huff, in which his father, James Huff, and his mother, Gertrude Huff, were passengers, collided with an automobile driven by Leonard Mitzman, in which his wife, Ethel Mitzman, and his mother-in-law, Celia Rosenberg, were passengers. As a result of the collision, Ethel Mitzman and Celia Rosenberg received serious and permanent injuries. Injuries to Leonard Mitzman were less serious.

The Huff family had travelled to Cincinnati to attend a family reunion and were returning to their home in Bedford, Kentucky. At the time of the accident, Jesse Lynn Huff was 17 years of age and owned the car driven by him.

Depositions on discovery were taken, during the course of which it was stipulated that Jesse Lynn Huff was liable. The trial court concluded from the discovery deposition of James Huff and Gertrude Huff that the trip to Cincinnati was a "joint venture" and sustained a motion for summary judgment imputing Jesse's negligence to James Huff and Gertrude Huff. On both the first and second trial, only the issue of damages was submitted to the jury on a directed verdict as to liability.

Numerous errors are asserted. As to Jesse Lynn Huff, we do not find any prejudicial error on either appeal.

James Huff and Gertrude Huff assign as error the finding of the trial court that the trip was a "joint venture" thereby imputing Jesse's negligence to them. We conclude that this assigned error is dispositive of the case.

According to Jesse's deposition on discovery, he was 17 years of age at the time of the accident; he was employed and being trained at a garage as a mechanic; and he purchased and paid for out of his own funds the automobile he was driving. James Huff, his father, signed for Jesse in procuring his operator's license. (It was established the Jesse had secured and paid for out of his own funds a public liability and property damage insurance policy from Hartford Accident & Indemnity Company, which was in full force and effect at the time of the accident.) Jesse suggested that his automobile be used for the trip to Cincinnati for the assigned reason that his automobile was in better operating condition. The trip to attend the family reunion was planned several days in advance, and Jesse paid the expenses of the trip, which constituted only operating expenses for his automobile. Although there was no discussion of the route to be taken, Jesse agreed that he would have followed his father's suggestion as to any other route; that he would have followed his father's suggestions had any been given as to the operation of the automobile and felt that his fa-

ther had the right to direct and control him while he was in the automobile with him; that his father would have been permitted to drive had he so desired; and that the trip was for the pleasure and enjoyment of the family.

According to the father James Huff's deposition on discovery, he felt that he could have driven Jesse's automobile on the trip had he so wished; Jesse paid for the gasoline for the trip, which constituted the only expense; there was no discussion of the route to be taken to Cincinnati since they travelled what he considered the best and natural route; James would not have said anything had Jesse chosen another route, although he would have made a suggestion had Jesse chosen a route he felt was not the best or the safest; the trip was for the pleasure or enjoyment of the entire family; and generally he felt Jesse would follow his suggestions about operating the automobile when he was a passenger. James was not asked about any control he felt he could exercise over the operation of the automobile during the trip to Cincinnati.

According to the mother Gertrude Huff's deposition on discovery, Jesse owned the automobile driven on the trip to Cincinnati and paid for the operating expenses for the trip. There was no suggestion or inquiry as to any express or implied right of control over the operation of the automobile on the part of Gertrude.

The pertinent elements of the discovery depositions have been set out in detail as the depositions portray the factual situation on which the trial court based his ruling that the Huffs were engaged in a "joint venture," imputing Jesse's admitted negligence to James and Gertrude Huff.

The decision in the case turns on the doctrine of vicarious tort liability, a murky doctrine known as "joint venture" or "joint enterprise."

Appellees argue that the facts elicited in the discovery depositions fit into the essen-

tial elements of "joint venture," that is: an equal right express or implied to direct or control the management and movement of the car, prior planning of the trip, and a trip for the mutual benefit and of a common purpose. We do not agree. It is apparent from the discovery deposition of Gertrude Huff that no pretense was ever advanced that she had express or implied control over the operation of the automobile. Such control that James Huff possessed flowed from parental authority, not by agreement as is contemplated by the doctrine.

■ The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. Restatement of the Law Second, Torts 2d, Volume 2, § 491, Comment c.

Here, there was an arrangement to take a trip to Cincinnati, no agreement or contract; there was a common purpose, a family reunion; there was a complete absence of pecuniary interest in the purpose of the trip since it was one of family pleasure. Gertrude Huff had no control over the operation of the car. While Jesse acknowledged his father James had the "right" to control the operation of the car, it is readily apparent that this "right" was used in the context of a parental right, not by virtue of contract or agreement.

■ A "joint enterprise" rests upon an analogy to the law of partnership. It is something like a partnership for a more limited period of time and a more limited purpose. It is an undertaking to carry out a small number of acts or objectives which are entered into by association under such circumstances that all have an equal voice in directing the conduct of the enter-

prise. The law then considers that each is the agent or servant of the others and that the act of any within the scope of the enterprise is to be charged vicariously against the rest. Prosser, Torts 4th Ed., Ch. 12 § 72.

Considerable confusion surrounds this doctrine which defies reduction to an exact formula or definition. Its application extended beyond a purely business venture has been in the field of automobile law and chiefly applied as a defendant's doctrine imputing the negligence of another to the plaintiff. Another body of cases employing the doctrine of "joint venture" are those cases applying the doctrine to escape the provisions of guest-passenger statutes enacted by various states. 10 A.L.R.2d 1383, 59 A.L.R.2d 336.

Appellees cite and rely on Alva West & Co. v. Corwin, 273 Ky. 557, 117 S.W.2d 192, Greenwell's Adm'r v. Burba, 298 Ky. 255, 182 S.W.2d 436, and Wright v. Kingslow, Ky., 264 S.W.2d 673, as authority for their contention.

In Wright this court stated at page 676:

"When all the occupants of an automobile are engaged in a 'joint adventure' or 'joint enterprise,' this Court has held that the negligence of one is the negligence of all, but in order to constitute a joint enterprise there must be an equal right, express or implied, among all occupants of the car, to direct and control its operation."

This court rejected application of the doctrine since the driver was the owner of the automobile and there was no evidence of shared expenses or any other essential element to support a finding of joint enterprise.

Here Jesse owned the automobile. The expenses were paid by him, and as pointed out above, there was no evidence or assertion that the mother, Gertrude Huff, in particular had any express or implied right to direct and control the operation of the automobile.

In Alva West, supra, college students travelling to the same city to spend their vacation were held not to be engaged in a joint enterprise. There the boys took turns driving and shared automobile expenses. The owner of the automobile was driving at the time of the accident, and there was no showing of an equal right to control over the operation of the car so as to deny right of recovery to the passengers.

Greenwell's Adm'r, supra, involved a situation where seven boys planned to attend a dance in a nearby town. It was agreed that one of them would borrow a car from a friend with which to make the trip and that they would all share the expenses of the trip. Five of the boys were killed in an accident returning from the dance. In a suit filed by their administrators, recovery was denied, applying the doctrine of "joint enterprise" imputing the negligence of the driver to the occupants of the car. This presents a completely different factual situation which does not reinforce appellees' theory of the case.

■ The family pleasure trip undertaken by the Huffs in Jesse's automobile, with none of the expenses shared and with no agreement as to control, takes the case out of the doctrine of "joint venture." The doctrine is a fiction erected upon a fiction and ordinarily should not be applied to a family pleasure trip. We conclude that the trial court erred in applying the doctrine of "joint venture" to this factual situation.

As to Jesse Lynn Huff, the judgments are affirmed. As to James Huff and Gertrude Huff, the judgments are reversed with directions to enter judgments dismissing the claims against them.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.